(85 South. 550)

### WHATLEY v. NESBITT et ux.   (6 Div. 955.)

(Supreme Court of Alabama. June 3, 1920.)·

**1. Appeal and error ☞1008(1)—Judgment of trial court which heard witnesses and inspected scene not disturbed.**

Where the trial judge not only had the witnesses before him, but also made personal inspection of the scene of the automobile collision involved, his judgment on the issues of fact will not be disturbed on appeal.

**2. Appeal and error ☞1058(2)—Exclusion of superfluous testimony harmless to plaintiff.**

In an action for damages to plaintiff's automobile in collision with defendant's, where witness testified defendant's car was running from 20 to 25 miles an hour, and that plaintiff's car was also running at like speed, exclusion of testimony of such witness as to whether or not defendant was coming as fast or faster than plaintiff was harmless to plaintiff.

**3. Appeal and error ☞1053(1)—Withdrawal of defendant's statement by her counsel eliminated any error.**

Where, after plaintiff moved to exclude certain testimony of defendant, defendant's counsel stated the statement would be withdrawn, there was no error.

**4. Appeal and error ☞1056(1)—Exclusion of plaintiff's offered evidence adding nothing harmless.**

In action for damages to plaintiff's automobile in collision with defendant's, exclusion of plaintiff's proof of a custom in the city giving cars on a main thoroughfare, like the avenue through which his had been traveling, the right of way over cars coming into such avenues from side streets, as defendant's had done, held harmless to plaintiff, as the evidence would have added nothing to the case.

**5. Municipal corporations ☞705(2) — Automobilist coming from side street held not negligent in failing to stop.**

Defendant automobilist, coming into a main avenue from a side street, was not necessarily negligent in failing to stop her car immediately on discovering plaintiff's car, driven by his son, approaching on the avenue, the proof showing that a reasonably prudent person would have been impressed that to stop would have meant destruction to both cars, and danger to their occupants.

Appeal from Circuit Court, Jefferson County; Charles W. Ferguson, Judge.

Action by J. W. Whatley against W. D. Nesbitt and Mrs. W. D. Nesbitt for damages in an automobile collision. From judgment for defendants, plaintiff appeals. Affirmed.

Appellant sued Mr. and Mrs. W. D. Nesbitt for damages to his automobile, as the result of a collision between his car and the car owned and operated at the time by the defendant Mrs. W. D. Nesbitt.

As the proof is without dispute that the car was owned and operated by Mrs. W. D. Nesbitt, and that her husband, made a party defendant, was not in the car and had no connection with the operation of the same or its accident at the time, the reference to the defendant in this cause will be considered as Mrs. W. D. Nesbitt.

The accident occurred on Highland avenue in the city of Birmingham. Plaintiff's car was being driven by his young son, 16 years of age, without his knowledge or consent, and was coming up Highland avenue, going east; while the car driven by the defendant was approaching Highland avenue, going north, coming into Highland avenue at the intersection of Ash street. Ash street is 25 feet in width, and is referred to as a side street.

The evidence tends to show that the plaintiff's car was being driven at a rate of between 27 and 30 miles an hour. Plaintiff's proof tends to show defendant's car was being driven at a rate of between 20 and 25 miles an hour. At the corner of the intersection of Ash street and Highland avenue on the west side—from which direction plaintiff's car was approaching—there was a hedge and other growth which more or less obstructed the view. Highland avenue is one of the main thoroughfares, being frequently used, while Ash street is infrequently used.

It was plaintiff's theory that defendant's car was driven at a negligent rate of speed from Ash street into Highland avenue, so nearly in the path of plaintiff's car as to be the proximate cause of the accident. The collision did not occur as defendant's car came into Highland avenue, but the drivers of both machines became aware of the danger, and defendant turned her car somewhat to the right, while the driver of plaintiff's car turned to the left, and they went some litle distance before reaching the street car track on the avenue where the collision took place. The evidence for the plaintiff tended to show that defendant was operating her car on the left side of Ash street, while defendant insisted she was driving in the center. The defendant also insisted that she was running at a slow rate of speed, not exceeding 10 or 12 miles per hour, giving the warning signal as she approached the intersection of Highland avenue, and that she did all possible to avoid the accident upon discovering the approaching car. That while she could have stopped her car in a very short distance, a car length, yet had she done so the danger of the collision appeared to be imminent, and she therefore continued her car, but turned to the right to leave room for plaintiff's car to pass in the rear.

The cause was tried before the court without a jury. The trial judge inspected the automobile, and also made an inspection of the scene of the accident, rendering judgment for the defendants, and subsequently

overruling the motion for a new trial. From this judgment plaintiff prosecutes this appeal.

Black & Harris, of Birmingham, for appellant.

If two persons negligently injure the third, he may sue either or both of them. 52 Ala. 506; 113 Ala. 636, 21 South. 225; 111 Ala. 337, 19 South. 695, 31 L. R. A. 589, 56 Am. St. Rep. 59; 1 Ala. 212; 196 Ala. 127, 72 South. 25; 1 Corpus Juris, § 340; 29 Cyc. 565; 37 Cyc. 275; 38 Cyc. 490. One who violates a city ordinance is guilty of negligence as a matter of law. 182 Ala. 582, 62 South. 28; 201 Ala. 579, 78 South. 924; 198 Ala. 449, 73 South. 642. Custom as to the use of a highway is admissible on the question of negligence in the use thereof. 198 Ala. 449, 73 South. 642.

Tillman, Bradley & Morrow and Charles E. Rice, all of Birmingham, for appellees.

Counsel discuss the evidence, and insist that under it a proper judgment was rendered.

GARDNER, J. (after stating the facts as above). [1] By the ruling of the court pleas of contributory negligence were eliminated, and the cause really presented only an issue of fact as to whether or not Mrs. Nesbitt, who was operating her own car at the time of the collision, was guilty of negligence which proximately contributed thereto. However, the evidence was in dispute, and if that offered by the defendant is to be accepted no actionable negligence was shown. The trial judge not only had the witnesses before him, but also made a personal inspection of the scene of the accident. We will enter into no discussion of the evidence, but content ourselves with a statement of the conclusion that under these circumstances his judgment upon the issues of fact will not be here disturbed. Few other questions are presented.

[2] One of the witnesses for the plaintiff, who saw the accident and noticed the two cars previous to the collision, was asked whether or not, in his opinion, the defendant was coming as fast or faster than the plaintiff, to which objection was sustained. It is insisted this was reversible error, citing K. C., M. & B. R. R. Co. v. Crocker, 95 Ala. 412, 11 South. 262. The witness testified that defendant's car was being run at a rate of from 20 to 25 miles an hour; and, immediately following the ruling upon this question of evidence, the witness stated he was not positive as to the speed of plaintiff's car, but according to his judgment it was also running 20 or 25 miles an hour. It is therefore too clear for discussion that plaintiff can take nothing of advantage from this ruling of the court, and that no reversible error was committed.

[3] The defendant in testifying gave some reasons or motives for certain conduct, stating what she thought would have occurred, which statement the plaintiff moved to exclude. The record does not show any specific ruling upon this motion, but, at any rate, just following this motion, it appears that defendant's counsel stated the statement would be withdrawn. This assignment of error is therefore without merit.

[4] Only one other question of evidence requires consideration. Plaintiff offered proof tending to show there was a custom of long standing in Birmingham, giving cars which traveled the main thoroughfares, like Highland avenue, the right of way over cars coming into these avenues from side streets, and objection thereto was sustained. This evidence was not offered as to this particular intersection, and no statute or ordinance to such effect was introduced. Upon the question of proof of this custom counsel rely upon the recent case of Karpeles v. City Ice Delivery Co., 198 Ala. 449, 73 South. 642. That case is authority merely to the effect that on an issue of negligence a known custom may in a proper case be proved as bearing thereon, and was considered in the light of an interpretation of the ordinance there under consideration. Here, however, something more was offered to be shown, to the effect that traffic on the main street has a right of way over traffic on the side street, and in effect to establish a rule or law of the road. It is held in many of the jurisdictions that the vehicle first at the intersection or crossing, without negligence, has the right of way across, but such a right of way is not an absolute one, exercisable arbitrarily, or without regard to other conditions present or the rights or safety of others, but is to be exercised with due regard to the rights of others, to the character of traffic, and other conditions. The identical question here argued was treated very recently by the Minnesota court in the case of Carson v. Turrish, 140 Minn. 445, 168 N. W. 349, L. R. A. 1918F, 154, where many authorities are cited. See, also, Huddy on Automobiles (5th Ed.) §§ 260, 262, 391; Ray v. Brannan, 196 Ala. 113, 72 South. 16; White Swan Laundry Co. v. Wehrhan, 202 Ala. 87, 79 South. 479. However, we do not find that the question is necessarily to be determined in the instant case, for, had the proof been admitted, we are unable to see that it could have affected in any manner the result reached. While the proof shows without dispute that the defendant was the first to reach the intersection, yet the corner of Ash street and Highland avenue, on the West side, from which direction plaintiff's car was approaching, was obstructed, and, regardless of the question of right

of way, had the defendant approached Highland avenue at this "blind corner" at a rapid rate of speed, as contended by plaintiff, this would have been negligence which, if the proximate cause of the injury, would have rendered defendant liable regardless of the question of right of way. On the other hand, if she approached the intersection at a slow rate of speed, giving due warning and exercising all precautions, as was contended by defendant, then she would not have been guilty of any negligence. So it clearly appears that the evidence, had it been introduced, would have added nothing to the case, and in no event would reversible error have been committed.

[5] Appellant's counsel seems to lay much stress upon the fact that defendant's car could have been stopped in a short distance, and concludes that it was her duty to stop the car immediately upon discovering plaintiff's approaching car, and in not doing so was negligent. There was proof, however, tending to show that a reasonably prudent person would have been impressed (considering the nearness of plaintiff's car in connection with the rate of speed) that to stop would have meant certain destruction of both cars and imminent danger to the occupant of each. The defendant pursued the course of continuing forward, but turned to the right, doubtless with the view of permitting plaintiff's car to pass in the rear, but instead the car was steered to the left in the same direction in which defendant's car was moving.

All the proof presented questions of fact as to whether or not the defendant was guilty of negligent conduct, and upon careful consideration of the record we are unwilling to disturb the ruling of the court upon these questions of fact.

Finding no reversible error, the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.