(101 South. 49)

### CRESCENT MOTOR CO. et al. v. STONE.
(6 Div. 938.)

(Supreme Court of Alabama. June 26, 1924.)

1. **Appeal and error** ⬉695(2)—**No review of refusal of general affirmative instructions where all evidence not before court.**

Where all the testimony before jury is not before Supreme Court, a refusal of general affirmative instructions is not subject to review.

2. **Trial** ⬉194(16)—**In automobile collision action instruction as to effect of joint enterprise held not to invade province of jury.**

In an action against several defendants for death of plaintiff's son in an automobile collision, an instruction as to joint liability of defendants, if engaged in joint enterprise, *held* not to invade province of jury as being on weight and sufficiency of evidence.

3. **Negligence** ⬉93(1)—**"Joint enterprise" defined.**

Parties are not engaged in a joint enterprise within the law of negligence, unless there is a community of interest in the objects or purposes of the undertaking and an equal right to direct and govern movements and conduct of each other in respect thereto.

4. **Negligence** ⬉93(1) — **Driver's negligence not imputed to passenger.**

Driver's negligence cannot be visited on a passenger, whether for reward or not, unless passenger has charge or control of vehicle or driver.

5. **Highways** ⬉183—**That one of automobile occupants engaged in joint enterprise takes no control while other is driving does not show there was no joint liability.**

If two men, both riding in an automobile, engaged in the joint enterprise of running it from B. to T., both having a joint duty to so operate it as not to negligently injure others on the road, it cannot be said there is no joint liability in any event because one takes no actual control while other is driving.

Appeal from Circuit Court, Jefferson County; Roger Snyder, Judge.

Action by Marion O. Stone against the Crescent Motor Company, S. B. Williamson, and G. A. Daniel. Judgment for plaintiff, and defendants appeal. Affirmed.

Burgin & Jenkins, of Birmingham, for appellants.

For brief, see report of former appeal. 208 Ala. 137, 94 South. 78.

Harsh, Harsh & Harsh, of Birmingham, for appellee.

Count 3 was good against demurrer. Crescent Motor Co. v. Stone, 208 Ala. 137, 94 South. 78; Daniel was not entitled to the affirmative charge. Sloss Co. v. Redd, 6 Ala. App. 404, 60 South. 468.

BOULDIN, J. The suit is by the father to recover damages for the wrongful act of defendants causing the death of plaintiff's minor son. Code 1907, § 2485.

This is the second appeal. The decision on former appeal is reported in 208 Ala. 137, 94 South. 78. We there held that counts 2 and 3 of the complaint were not subject to the demurrer interposed. We adhere to that ruling.

It was also held that the evidence, and reasonable inferences therefrom, tended to show a joint liability on the part of defendants Williamson and Daniel, justifying a refusal of the affirmative charge on behalf of defendant Daniel. This holding was rested, as shown in the opinion, on certain testimony of Daniel, as a witness, tending to show a joint control of the automobile at the time of the collision, resulting in the death of plaintiff's minor son.

[1] The record now before us shows, by bill of exceptions, the testimony of the witness Daniel on the latter trial, and also affirmatively shows that the stenographic report of his entire testimony on the former trial was offered in evidence and read to the jury, and, further, that only a small part of it is set out in the present bill of exceptions. It thus affirmatively appears that not all the testimony before the jury is before us, notwithstanding the recital to that effect at the end of the bill of exceptions. It follows that the general affirmative instructions refused to defendants, and each of them, are not subject to review.

[2] The court, at the request of plaintiff, gave the following charge in writing:

"When two or more people are engaged in a joint adventure, each is responsible for the torts committed by the other while acting directly in the business of the joint enterprise. If the jury are reasonably satisfied from the evidence that defendant Daniel and defendant Williamson were taking the Cole Eight car to Tuscaloosa together for the Crescent Motor Company, and that part of the time one was driving and part of the time the other was driving the car, and that both had equal control of the car, then the court charges the jury that it is open to the jury to find from the

evidence that both Williamson and Daniel were engaged in a joint enterprise and each would be responsible for the driving of the car, whether the one or the other was actually at the wheel at the particular moment that the accident happened."

This charge is dealing only with the question of joint liability of Wlliamson and Daniel. The liability declared does not grow out of the relation of each to a common employer, the Crescent Motor Company, but out of their relations to each other in the operation of the car at the time of the accident. The basic fact is joint and equal control of the operation of the car, so that the man at the wheel was acting for the other as well as himself.

The charge does not invade the province of the jury, but declares it open to them to find joint liability, if reasonably satisfied thereof from the evidence. If the form of statement was liable to mislead the jury, an explanatory charge was the remedy.

The law does not prohibit instructions on the effect of the evidence, when requested in writing. It is proper for the court to give the law applicable to different phases of the case presented in evidence, taking care not to invade the province of the jury in its findings of fact. The charge before us cannot be considered a charge on the weight and sufficiency of the evidence.

Defendants' refused charge E, assignment of error O, reads:

"I charge you, gentlemen of the jury, that the mere fact, if it be a fact, that the defendant, G. A. Daniel, had at some prior or subsequent time had control of the Cole Eight car, or had an equal right with the defendant S. B. Williamson to assume control of the car, would not make him, the said G. A. Daniel, personally liable in this case, unless you are further reasonably satisfied from the evidence that at the time the young man was struck the said G. A. Daniel, had actual control in some degree of the said car or its driver, the said W. B. Williamson."

[3] In defining the liability of one riding in a vehicle for the negligence of the driver, it is said in 2 Cooley on Torts, pp. 1473–1475:

"If the driver is the plaintiff's servant or under his control, the negligence of the driver is imputable to the plaintiff. So if the two are engaged in a joint enterprise and each has an equal right to direct the movement of the vehicle."

"Parties cannot be said to be engaged in a joint enterprise, within the meaning of the law of negligence, unless there be a community of interest in the objects or purposes of the undertaking, and an equal right to direct and govern the movements and conduct of each other in respect thereto." Cunningham v. Thief River Falls, 84 Minn. 21, 86 N. W. 763.

To the same effect see 20 R. C. L. "Negligence, § 122, pp. 149, 150.

[4] It is a well-defined rule that the negligence of the driver of a car cannot be visited upon a passenger therein, whether for reward or not, unless the person so riding has charge or control of the vehicle, or over the person who is driving or operating same. Central of Georgia Ry. Co. v. Jones, 195 Ala. 378, 70 South. 729.

[5] Both these rules of law have a field of operation. Charge E above is misleading in putting the emphasis on "actual" control instead of the right and duty of joint control. If the two men, both riding in the car, engaged in the joint enterprise of running it from Birmingham to Tuscaloosa, both having a joint duty to so operate it as not to negligently injure others on the road, it cannot be said there is no joint liability in any event, because one takes no actual control while the other is driving.

We do not understand the assignments of error on the special instructions touching the liability of Crescent Motor Company under separate counts of the complaint are insisted upon in argument.

We find no reversible error in the several rulings presented for review.

The judgment of the court below is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.