(112 So. 638)

## L. HAMMEL DRY GOODS CO. v. HINTON.
### (1 Div. 442.)

Supreme Court of Alabama. April 21, 1927.

1. **Highways** &#8986;184(1)—**Plea of contributory negligence in colliding with automobile entering hard-surfaced road held insufficient in not showing knowledge of defendant's car.**

To count for collision with plaintiff's automobile, on a hard-surfaced road, of defendant's car entering such road from a side road without stopping before entering, in violation of county ordinance, a plea of contributory negligence that plaintiff knew that the intersection was frequently used by automobiles, and that if he failed to keep a lookout for automobiles entering from the side road he would probably collide with said automobile, yet negligently approached the intersection without keeping a lookout for automobiles entering from the side street, if by the words "said automobile," referring to defendant's car, held insufficient, it not showing notice or knowledge of plaintiff of the whereabouts of defendant's car.

2. **Highways** &#8986;175(1)—**Driver of automobile may assume others will observe law of road.**

One driving automobile on road may assume that others crossing the road or approaching thereon will observe the law or rule of the road, and is not guilty of contributory negligence, in the first instance, in acting on that assumption, till sufficiently apprised that the other would not observe the law.

3. **Highways** &#8986;184(1)—**Plea of contributory negligence held not to show duty of driver, on hard-surfaced road to lookout for cars entering.**

Plea of contributory negligence, in action for collision with automobile on hard-surfaced road of car entered from side road without stopping, as required by county ordinance, by mere averment that the intersection was frequently used by automobiles held not to show duty of plaintiff to keep lookout for cars approaching from side road; the general duty of care under the circumstances being all that was required of plaintiff.

4. **Highways** &#8986;166—**Ordinance requiring car before entering hard-surfaced road from side road to stop held not unreasonable or in conflict with general law (Code 1923, § 6266).**

A county ordinance prohibiting any automobile entering on or crossing a hard-surfaced road from a side road without stopping before doing so held not unreasonable, nor in conflict with Code 1923, § 6266.

5. **Highways** &#8986;184(4)—**Requested charge in automobile collision case as to defendant's right to turn into road held abstract and misleading under evidence.**

Requested charge, in action for collision with plaintiff's automobile, driving east on S. avenue, of defendant's car as it entered such avenue from L. avenue, that defendant had right to turn from L. avenue into S. avenue and proceed west along the south driveway of S. avenue, held abstract and misleading under the evidence, the highway being a double highway, the law requiring driving to the center of the street, and the evidence showing that defendant cut the corner and crossed diagonally to the left of the center of the crossing.

Appeal from Circuit Court, Mobile County; Joel W. Goldsby, Judge.

Action for damages by W. R. Hinton against the L. Hammel Dry Goods Company. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals, under Code 1923, § 7326. Affirmed.

Count 3 of the complaint, as amended, is as follows:

"(3) Plaintiff further claims of the defendant the sum of $250, for that, on, to wit, August 28, 1925, an automobile belonging to plaintiff was being operated or driven in an easterly direction along Springhill avenue, which was and is a hard-surfaced highway in Mobile county, Ala., and when plaintiff's automobile was approaching Lanier avenue, which was and is a side street or road leading into Springhill avenue, defendant's servant or agent, whose name to the plaintiff is unknown, but who was then and there acting within the line and scope of his employment, negligently drove or operated an automobile of defendant out of said Lanier avenue into or upon said Springhill avenue, without stopping before entering upon said hard-surfaced road, and as the proximate result of such negligence defendant's automobile struck or collided with plaintiff's automobile, and greatly damaged the same, and rendered plaintiff's automobile unfit for use, for, to wit, 10 days, in this, * * * [setting out the damages]. And plaintiff avers that there was at said time an ordinance, rule, or regulation of the county of Mobile, Ala., providing 'that no motor vehicle shall be driven out of any side road which enters into or crosses any hard-surfaced road of Mobile county, Ala., without stopping before entering upon said hard-

---

surfaced road or crossing any hard-surfaced road.'"

Counts 1, 2, and 4 contain substantially the same allegations of fact as set forth in count 3, and ascribe the injury and damage complained of to the negligence of defendant's agent or servant in the operation of defendant's automobile, without reference to any rule of ordinance or statute.

Defendant's amended plea 2 is as follows:

"And for further plea in its behalf, to each count of the complaint separately and severally, defendant says that the driver of plaintiff's automobile was himself guilty of negligence which proximately contributed to the injuries to plaintiff's automobile in this, the said driver of plaintiff's automobile knew that the intersection of Springhill avenue and Lanier avenue, the point of the accident, was a frequently used place, as such point was a frequently used place by automobiles and other vehicles, and he knew that if he failed to keep a lookout for automobiles entering Springhill avenue from Lanier avenue, he would probably collide with said automobile, yet notwithstanding this fact, the said driver of plaintiff's automobile negligently approached the intersection of Springhill avenue with Lanier avenue without keeping a lookout for automobiles entering said Springhill avenue from Lanier avenue, and thereby proximately contributed to the injuries complained of."

The demurrer to this plea included these grounds: (3) Said plea does not sufficiently aver facts constituting contributory negligence on the part of the plaintiff's driver. (5) Said plea does not show any facts imposing upon the plaintiff a duty to keep a lookout for automobiles entering Springhill avenue from Lanier avenue.

The charge, refusal of which to defendant is made the basis of the sixth assignment of error is as follows:

"The court charges the jury that the driver of defendant's truck had the right to turn said truck from Lanier avenue into Springhill avenue and to proceed west along the south driveway of Springhill avenue."

Smiths, Young & Johnston, of Mobile, for appellant.

Defendant's plea sets out a valid defense, showing facts which would impose upon plaintiff's driver the duty to keep a lookout for automobiles entering Springhill avenue from Lanier avenue. Barbour v. Shebor, 177 Ala. 304, 58 So. 276; Adler v. Martin, 179 Ala. 97, 59 So. 597; Southern Ex. Co. v. Roseman, 206 Ala. 681, 91 So. 612. The rule or regulation of Mobile county is unreasonable and void, being in conflict with section 6266 of the Code of 1923. The south side of Springhill avenue is a public highway, and the defendant had the right to travel westwardly on said highway. Ray v. Brannan, 196 Ala. 113, 72 So. 16; Morrison v. Clark, 196 Ala. 670, 72 So. 305.

A. S. Whiting and R. H. McConnell, both of Mobile, for appellee.

Defendant's plea 3 was ambiguous. It presented no case on contributory negligence on which issue could be joined. Karpeles v. City Ice Del. Co., 198 Ala. 449, 73 So. 642; Ind. St. R. Co. v. Hoffman, 40 Ind. App. 508, 82 N. E. 543. Rule 4 of the board of revenue of Mobile county is a valid rule or regulation. Code 1923, §§ 1348, 1374, 6266, 6269; Oliver v. State, 16 Ala. App. 533, 79 So. 313; Isbell v. State, 17 Ala. App. 465, 86 So. 169; Posey v. State, 17 Ala. App. 448, 86 So. 117.

THOMAS, J. [1] Plea 2 as amended, to which demurrer was sustained, was no answer to count 3 setting up the violation of the rule of the road. And this justified the ruling of the trial court. Moreover, the plea was ambiguous in the use of the words, "collide with *said* automobile." If defendant's truck was referred to in the plea, as insisted in argument of the appellee, the averment is insufficient—the fact stated failed to show notice or knowledge of the plaintiff of the whereabouts of "said" defendant's car or truck.

[2] The plea was insufficient as an answer to the other counts. One having the right of use to double driveway streets may assume that the other so using the thoroughfare will observe the law of the road at such time and place and under the circumstances presented. That is to say, proceeding as plaintiff is averred to have approached the point of collision on a paved street or hard-surfaced road, he may act upon the assumption that others crossing or approaching thereon will observe the rule of the road, and is not guilty of contributory negligence, in the first instance, in acting on that assumption; no facts being averred to show that he was sufficiently apprised of the fact that the other would not observe the law.

[3] The general duty of due care under the circumstances was all that was required of the plaintiff. Shafer v. Myers (Ala. Sup.) 112 So. 230;[1] Karpeles v. City Ice Delivery Co., 198 Ala. 449, 73 So. 642. That is to say, plaintiff's conduct is to be judged under the "certain circumstances" of the time and place and the rules of the road binding on all traversing the public thoroughfare where the collision occurred. The plea sought to place upon the plaintiff a higher duty of a special lookout for cars entering Springhill avenue from the south and from Lanier avenue. The facts averred in the plea do not sufficiently show the duty on plaintiff to keep the lookout indicated for cars approaching from Lanier into Springhill avenue; it is subject to the fifth ground of demurrer. Barbour v. Shebor, 177 Ala. 304, 58 So. 276; Adler v. Martin, 179 Ala. 97, 59 So. 597; So.

[1] 215 Ala. 678.

Express Co. v. Roseman, 206 Ala. 681, 91 So. 612.

[4] Affirmative instruction was requested as to count 3, and objection made to the introduction in evidence of ordinance No. 4 on the theory or ground that the ordinance was unreasonable and void and in conflict with the general law stated in section 6266 of the Code of 1923, and rulings thereon are urged as error. We do not understand that the ordinance is in conflict with the general law, or that its provisions are unreasonable. The rules of the road, so stated in the general law, were subject to the imposition of reasonable ordinances or traffic regulations by municipalities. The express provisions therefor were:

"At intersections of public highways, the vehicle approaching on the right of the other vehicle shall have the right of way, but this shall not prevent municipalities from adopting ordinances for the regulation of traffic within their boundaries; and vehicles traveling on trunk roads established under the laws of Alabama shall have the right of way."

See, also, sections 1347, 1348, and 1350.

In Adler v. Martin, 179 Ala. 97, 117, 59 So. 597, 603, after discussing many authorities, including Barbour v. Shebor, 177 Ala. 304, 58 So. 276, it was said of the duty of a pedestrian crossing a street:

"He must use due care to avoid collisions with them; but what is due care in this regard will depend upon the character of the street, the extent of its use by vehicles, the kind of vehicles that frequent it, and upon the locus of the attempted crossing, i. e., whether it is at a regular and general crossing, or at a point not generally so used, or, as in the present case, at a point where there is no occasion at all for crossing, and crossing is very infrequent. Other considerations, also, may obviously increase or diminish the hazards of inattention. Due care is relative always.

\* \* \* \* \* \* \* \*

"In Barbour v. Shebor, supra, where plaintiff was injured by an automobile while crossing the street, it was held by a divided court that a plea setting up as a defense that plaintiff 'negligently attempted to cross said street without looking for said automobile, which was then and there approaching in rapid motion on said street, and was struck by said automobile and injured, although he knew that automobiles were likely to pass on said street at any moment,' was insufficient on demurrer. It will suffice for present purposes to say that a pedestrian's failure to look for any particular automobile cannot be characterized as negligent, unless he knew it was approaching in such proximity as might render his inattention a menace to his safety. And so 'negligently attempting to cross the street,' without looking generally for a particular car, is not the equivalent of a negligent failure to look up or down the street in the direction from which the car might be approaching."

The last observation illustrates the defect of said plea and justifies the sustaining of demurrer thereto.

[5] There was no error in refusing the charge made the subject of the sixth assignment of error. It was abstract and misleading under the evidence. The highway was a double highway. The law required driving to the right of the center of the street. The evidence and map show that defendant's driver crossed diagonally across *to the left of the center of the crossing;* that, under the stress of the moment, defendant's driver "cut the corner" at the crossing in his effort to proceed to Crichton. And the charge was therefore confusing. This act of defendant's driver caused plaintiff to do the obvious thing to avoid collision—turned out of the way to the north.

We find no reversible error, and the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and BROWN, JJ., concur.