(124 So. 510)

**ECHOLS et al. v. VINSON.** (6 Div. 341.)

Supreme Court of Alabama. Oct. 10, 1929.

Rehearing Denied Nov. 29, 1929.

230

that its siren was not sounded or other warning signal given, and that it was traveling at a very high rate of speed. On the other hand, defendant's evidence tended to show that the ambulance and plaintiff's car reached the intersection at approximately the same time; that, although the ambulance was traveling in an emergency with a patient en route to the hospital, the speed was reasonable and moderate, and the siren continuously sounded; that plaintiff's car ran in front of the ambulance at too high a speed and from the left-hand side thereof, and when first seen by the ambulance driver was too close to avoid collision. As a consideration of one question suffices for a disposition of the case, further detail statement of facts is deemed unnecessary.

Lange, Simpson & Brantley, of Birmingham, for appellants.

To the following portion of the court's oral charge the defendants reserved exception: "Now, the law is that, when drivers of vehicles on streets that intersect approach that intersection, visible to each other, at such time and at such speed as would render their collision imminent, if one should not give way to the other, why then the vehicle entering the intersection last in point of time must, at its peril, be so conducted, circumstances permitting, as to allow the other vehicle to safely pass in front." The foregoing statement finds support in former decisions of this court. Whatley v. Nesbitt, 204 Ala. 334, 85 So. 550; Birmingham Stove & Range Co. v. Vanderford, 217 Ala. 342, 116 So. 334; L. Hammel Dry Goods Co. v. Hinton, 216 Ala. 127, 112 So. 638. But these cases were not dealing with, nor governed by, the recent act (Gen. Acts 1927, pp. 348, 372) establishing certain traffic regulations, wherein it is provided that, "when two vehicles approach or enter an intersection at approximately the same time, the driver of the vehicle on the left shall yield the right of way to the vehicle on the right, except as otherwise provided in section 62. The driver of any vehicle traveling at an unlawful speed shall forfeit any right of way which he might otherwise have hereunder." Section 64. The exception above noted is here without application, nor are we, upon the question here considered, concerned with any regulations by local authorities which might vary the general rule above noted. Gen. Acts 1927, p. 377, § 77.

Fort, Beddow & Ray, of Birmingham, for appellee.

GARDNER, J. L. W. Vinson received injuries to his person and suffered damage also to his car by collision with an ambulance operated by Echols and Angwin at the intersection of Cotton avenue and McConnell streets in the city of Birmingham, and recovered judgment therefor, from which judgment defendants prosecute this appeal. The accident occurred about dusk, and the lights were on. There was much traffic at this crossing at that hour of the day.

Plaintiff's theory was that he reached the intersection and entered McConnell street at a very moderate speed in advance of the ambulance, and before it was dangerously near;

We are persuaded this statute was intended as a substitute for the rule as stated in the above-cited cases, and to establish a uniform regulation as to crossings at street and highway intersections. By the greater width of one street over another, and the accelerated speed of one car approaching the intersection, in order that it may be the first to enter and thus gain the right of way, the authorities doubtless reached the conclusion that the old rule tended to multiply collisions and con-

fuse the traffic. The simple rule of the statute was therefore adopted. If the two cars approach or enter the intersection at approximately the same time, the car on the right has the right of way and the duty devolves on the driver of the car on the left to yield —a duty not difficult of observance. It is a rule intended to stimulate precaution, and prevent collision. As we read and understand the above-quoted language of the oral charge, it conflicts with this statutory rule, and is erroneous. That it was prejudicial clearly appears.

From defendants' evidence the jury could infer plaintiff's car and the ambulance approached the intersection at approximately the same time. The ambulance was on the right, and from defendant's evidence was running at a moderate speed, though according to plaintiff's proof the speed was excessive. Whether defendants had forfeited the right of way by unlawful speed was therefore a question for the jury.

There was much proof tending to show that in fact plaintiff had entered the intersection first, and the language of the charge gave to plaintiff the right of way from this fact alone, without regard to the evidence tending to show each approached the crossing at approximately the same time, and the ambulance was to the right.

We think there are also other considerations that should enter into the case. While the driver of ambulances must at all times exercise due care and precaution for the protection of others and prevention of collisions (1 Blashfield, Cyc. Automobile Law, p. 577), yet, recognizing the necessity of speedy relief for the sick and injured, our statute exempts from the general regulatory rules as to speed limitations "ambulances when traveling in emergencies." Gen. Acts 1927, p. 369, § 54. Like provision appears in the Birmingham City Code (section 1843), and in section 1820 ambulances are named among those vehicles having the right of way on the city streets. The evidence was without dispute that the defendants' ambulance was "traveling in emergency." Whether defendants had forfeited any of their rights, as above indicated, by excessive and unlawful speed, was a question for the jury, under proper instructions from the court.

We have not overlooked plaintiff's testimony tending to show the approach of the ambulance was not at approximately the same time as his approach to the intersection, but that it was such a distance away that he could not tell what it was (no siren being sounded), nor, in fact, in one statement of his evidence, whether the lights he saw were "coming or standing still." But this evidence merely tended to produce a disputed issue of fact for the jury, as to whether or not the rule of law referred to was applicable. Reference to this evidence suffices also to demonstrate that defendants' insistence for the affirmative charge, upon the theory their pleas of contributory negligence had been undisputably established, is without merit.

As an amendment of the complaint may so readily remove any question as to the right of recovery for any impairment of plaintiff's vision, we see no occasion to enter into a consideration thereof.

What is here said should suffice for another trial of the cause, and the few remaining assignments of error argued in brief may be pretermitted.

For the error indicated, the judgment must be reversed.

Reversed and remanded.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.