(124 So. 740)

**BAKER v. BAKER.** (2 Div. 949.)

Supreme Court of Alabama. Nov. 21, 1929.

202

Arthur M. Pitts, of Selma, and Coleman, Coleman, Spain & Stewart, of Birmingham, for appellant.

Gamble & Smith and Mallory, Mallory & Lapsley, all of Selma, for appellee.

BOULDIN, J. This cause is considered in connection with Baker v. Elebash (Ala. Sup.) 124 So. 739,[1] and Baker v. Rainer (Ala. Sup.) 124 So. 737,[2] similar cases arising from the same accident. On the question of negligence vel non on the part of defendant the evidence is substantially the same. We reach the conclusion the evidence supports the finding of negligence by the jury.

It appears the defendant, driving her own car, a Lincoln sedan, along the Selma-Montgomery highway, on a bright day, lost control of the car. It zigzagged, left the roadway, encountered an embankment, and overturned, injuring the occupants.

On the testimony of the eyewitness, Rudolph, the initial negligence may be laid to driving the car at too high speed to maintain control on a curve, or to negligently allowing the car to swing too far to the right on entering the curve at high speed, thus leaving the hard surface intended for travel, and encountering soft, sloping ground, or to negligence in turning the car too violently to the left, then to the right. One phase of evidence in this record is to the effect that during this zigzag movement the car was speeded up. This suggests the inadvertent bearing down on the gas while trying to right the car. So far as appears the car was running well, and responded to the control devices.

In the absence of obstructions, defect in the road or car, or other supervening cause, the wreck of a car under the circumstances disclosed readily warrants an inference of negligence in operation.

Without conflict, the evidence discloses that this plaintiff invited a party of friends to take a trip from Selma to and beyond Montgomery; that she and her mother, the defendant, entered the mother's car and gathered up the party. The plaintiff was driving and continued to drive for some distance out of Selma. Then at the request of her mother she relinquished the wheel, and exchanged

[1] Ante, p. 198.
[2] Post, p. 207.

204

places on the front seat with her mother, who drove thereafter.

■ On these facts plaintiff was due the care and protection of a guest, not of a mere licensee. To transport the party, including plaintiff, was the purpose of driving the car at the time; not a case of one on a different errand, who merely permits another to get aboard, as in Crider v. Yolande Coal & Coke Co., 206 Ala. 71, 89 So. 285.

Defendant's charges Nos. 2 and 3 were therefore refused without error.

"Passenger guest" as used in the complaint is not an inapt expression of the relation in such case. "Passenger" indicates one taking passage, and "Guest" negatives any relation of carrier and passenger for hire. There was, therefore, no departure.

■ The doctrine of joint adventure as a basis for contributory negligence has no application to the case here presented. Whiddon v. Malone, post, p. 220, 124 So. 516.

■ The question propounded to witness Rudolph: "Was its speed cut down as it turned this curve?" called for a statement of fact based on the witness' observation of the movement of the car, not a mere conclusion as to the motions of the driver at the wheel.

■ Charge 9 refused to defendant is confusing and misleading, if not self-contradictory.

■ "Negligence" is a failure of duty, a want of care, failure to exercise that degree of care required by law in a given case. It may result from omission or commission. An "active wrong" is not necessary. Failure of duty, negligence, may be due either to incompetence or inattention. The negligence charged in this complaint covers both. The charge does not deal with contributory negligence or assumption of risk in riding with a known incompetent driver.

Refused charge 8 is subject to several objections.

■ Contributory negligence in failure to protest against the high rate of speed is imputed because of opportunity to know the dangerous rate of speed not to the fact of knowledge. It implies a duty on the guest to keep a watch on the driver, the mother in this case. The law imposes no such duty in the absence of facts suggesting a necessity to keep watch to one of ordinary care. Birmingham Sou. R. Co. v. Harrison, 203 Ala. 284, 82 So. 534. There was evidence that plaintiff was not observing the speed of the car or the approach to a curve.

■ The charge omits any finding that the failure to protest proximately contributed to the injury; calls for a verdict for defendant for failure to protest merely.

On the examination of Mrs. Belzora P. Elebash, a witness for plaintiff and related to the parties, plaintiff's counsel, Mr. Mallory, after asking her name, said to the witness: "We are all just here in a family meeting in which we are trying to get the facts. In order that you may not be nervous."

On motion of defendant, the statement was excluded. At the request of defendant, the jury was caused to retire. Whereupon defendant moved that the case be withdrawn from the jury and continued upon the ground that the remark in the presence of the jury was highly prejudicial in bringing to the jury that it is a friendly suit between the parties—the daughter against her mother.

The jury being brought in, the court with unusual care instructed them not to consider the statement, to forget it, to try the case as any other, called upon the jurors one by one to say whether they would obey the instructions of the court, and each indicated he would.

The motion to continue was overruled. Defendant excepted. The matter was presented on motion for new trial, which was overruled, and exception reserved.

Appellant insists the remark was intended to, or, at any rate, did suggest to the jury the existence of liability insurance, which the parties, by a friendly suit, were seeking to reach, and so prejudicial as to call for a reversal under the doctrine of Standridge v. Martin, 203 Ala. 486, 84 So. 266.

We are not convinced on the whole record that the remark was actually intended to be more than it purports to be—a reassurance to the witness.

Nor can we say the remark within itself added anything along the line complained of to the general atmosphere throughout the trial.

Plaintiff testified without objection: "My mother and I live together at home. I have lived there all my life and still live there. My present relations with my mother are most friendly, most pleasant." On cross-examination defendant drew out: "I have been living with my mother all my life. She was kind to me before the accident and since then. She furnished me with anything I desired before the accident. She has furnished me with things since the accident. She has in no way neglected me."

■ Certainly it fully appears the suit was a family matter, conducted in a wholly friendly way. Whatever inference the jury may have drawn as to insurance indemnity from these facts cannot be here reviewed. The right of members of a family to sue one another, to conduct the suit in a friendly way, cannot be denied. If liability insurance leads to suits which would otherwise not be brought because of the ties of kindred

and friendship, such result grows out of the situation.

A careful warning of the jury to try the case on its merits between the parties alone, and the employment of all the means of cross-examination and argument to discover and expose any collusion or coloring of the evidence, appear to be the main recourse.

While this court condemns all effort to influence the jury by such extraneous matter, it is forced to recognize the right of a party to qualify the jury touching any interest in the insurance carrier, and to have the court ascertain if there is one.

The existence of a party in interest, though not of record, creates such necessity.

This record discloses no such proceeding in this case.

The court has read and carefully considered in conference the evidence as to the extent of plaintiff's injuries. We find no sufficient cause to disturb the verdict as excessive.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.

