**PROCTOR v. COFFEY.**

8 Div. 451.

Supreme Court of Alabama.

Oct. 5, 1933.

Proctor & Snodgrass, of Scottsboro, for appellee.

Eyster & Eyster, of Decatur, for appellant.

320

**FOSTER, Justice.**

■ This is an appeal from a judgment setting aside a verdict and judgment in favor of defendant, in a suit under the homicide statute (Code 1923, § 5696). Plaintiff's intestate was riding on the back seat of the car at the invitation of defendant. That situation required of defendant an exercise of ordinary care not to injure him. The counts separately charged negligent injury and willful and wanton injury, causing death.

There were pleas of contributory negligence for the failure to protest after knowledge of the negligent and dangerous operation of the car. They were held good as to the simple negligence count and bad as to the willful or wanton count.

The evidence tended to show negligence of defendant, or even wantonness as an inference from the facts, and also the contributory negligence of plaintiff's intestate.

■ The court assigned no ground as that on which it acted in granting the motion. One ground was that the verdict was contrary to the great weight of the evidence. The ruling might have been based on that ground. We do not wish to say that, as an original proposition such would be our ruling as to the evidence, but we cannot reverse the judgment on such a ruling unless we think that it was clearly wrong. We cannot here so affirm. A discussion of the evidence would not be appropriate. The judgment of the court in that respect cannot therefore be reversed. But since thereby another trial is called for, we think that for that purpose we should pass upon those other grounds of the motion which show questions likely to arise on another trial.

■ The insistence of appellee that the pleas must show a joint adventure between plaintiff's intestate and defendant in order that they shall constitute a good defense mistakes the principle that it is only when it is sought to impute to the passenger the negligence of the driver in respect to a duty to some third person and not to the passenger himself that the relation of joint adventurers is material. That was the situation in Newell Contracting Co. v. Berry, 223 Ala. 109, 134 So. 870; Id., 223 Ala. 111, 134 So. 868; Crescent Motor Co. v. Stone, 211 Ala. 516, 101 So. 49; Birmingham R., L. & P. Co. v. Barranco, 203 Ala. 641, 84 So. 839; Birmingham-Tuscaloosa R. & U. Co. v. Carpenter, 194 Ala. 141, 69 So. 626.

But it has also been explained that such relation is immaterial when one adventurer sues the other for his negligent injury. Whiddon v. Malone, 220 Ala. 220, 124 So. 516; Baker v. Baker, 220 Ala. 201, 124 So. 740.

The gravamen of the pleas is the negligent failure of the passenger guest to observe due care for his own safety as against a known and appreciated or anticipated danger, and it is not dependent upon the existence of control by him in any respect of the operation of the car. It is the duty to the defendant, and not to a third person which the pleas set up, as described in our cases of McGeever v. O'Byrne, 203 Ala. 266, 82 So. 508; Morgan Hill Paving Co. v. Fonville, 218 Ala. 566, 119 So. 610; McDermott v. Sibert, 218 Ala. 670, 119 So. 681.

We do not think that the grounds of demurrer to the special pleas point out a material defect in them.

■ Given charge 13 assumes that the failure to protest was due to a disregard of duty, rather than to some other cause. It shows facts from which an opportunity and duty to protest would ordinarily be inferred, but not necessarily so. There must be a negligent or willful failure to protest, having an opportunity to do so. The jury is also left without being thereby instructed as to the meaning of negligence to determine if the car was negligently operated by defendant. For such reasons, however, we would not affirm that it was reversible error to give this charge.

But it is insisted that no duty is imposed upon the guest because of an opportunity to know of the dangerous speed, without the averment of a knowledge of it, and in the absence of circumstances alleged which suggest to one of ordinary care a necessity to keep watch. The question presented is important. Two material circumstances, one of which is ordinarily averred, are both omitted, viz.: (1) That the guest has abandoned his own faculties and trusts entirely to the care and vigilance of the driver

(McDermott v. Sibert, supra); or (2) that the guest actually observed the dangerous speed, or that the circumstances demanded his watchful attention to observe it, though he may not have been conscious of the danger (Dickson v. Dinsmore, 219 Ala. 353, 356, 122 So. 437; Walker County v. Davis, 221 Ala. 195, 128 So. 144).

We do not think that the authorities support the claim that a mere opportunity to know the danger is sufficient in the absence of facts suggesting to the guest as a person of ordinary care a necessity to keep a watch. That is what was held in the case of Baker v. Baker, supra. So, in the case of B. R. L. & P. Co. v. Barranco, supra, the duty of the guest is said to arise when he should anticipate that the driver of the vehicle will enter the sphere of danger or omit to exercise due care, not when he has the opportunity to so anticipate without anything to direct his attention to such condition. This principle is also mentioned in McGeever v. O'Byrne, supra; Dwight Mfg. Co. v. Word, 200 Ala. 221 (14), 75 So. 979.

The charge should have been refused on that ground. It also improperly assumes that there was an opportunity to know the dangerous rate of speed. And, while it does not state what are the consequences of contributory negligence, the jury could be misled by it to the opinion that it would defeat the action, though it did not proximately contribute to the accident. But the particular aspect of the charge which stamps the giving of it with error, inherently sufficient to justify the granting of the motion for a new trial, is the fact that it is based upon the averment of a duty merely because of an opportunity to know the dangerous speed, since for some reason or other not due to negligence, such speed may not have been observed by the guest, though it had continued for a mile prior to the accident. The guest may not have known of any reason to be watchful, and may not have been, but may have concentrated on other matters.

Moreover, since the charge was misleading, if the trial court in its discretion found that by reason of such tendency a new trial should have been granted, his act in that respect will be reviewed with the same presumption as is usual in the exercise of such power. Montgomery L. & T. Co. v. Riverside Co., 188 Ala. 380, 66 So. 459.

Charges Nos. 14, 15, and that unnumbered, which is the basis of the eighth assignment, which we will number 16, undertake to define contributory negligence. Though there may be no fault in this respect, not now considered, and though some of them do not direct the jury what the effect of contributory negligence should have on their verdict, they should not be given except with the averment that the negligence of the guest was a proximate contributing cause of the accident. It may have spent its force, the negligence of defendant subsided without protest, and have suddenly been resumed (in so far as charge 14 is concerned), or was otherwise not a proximate contributing cause (charges 15 and 16). We would not say that the giving of them was reversible error; but they could well have been refused without error.

We do not think the judgment of the court granting the motion for a new trial should be reversed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.