163 So. 608
## HAWKINS v. BARBER.
### 6 Div. 792.

Supreme Court of Alabama.
Oct. 17, 1935.

J. J. Curtis, of Jasper, for appellant.

54

Roy Mayhall, of Haleyville, for appellee.

THOMAS, Justice.

The suit was against Roland Edwards, C. M. Kennedy, and appellant.

The trial was upon counts 1 and 2 charging that Edwards, acting as the agent of Kennedy and Hawkins, negligently ran an automobile against plaintiff's intestate, the vehicle injuring him.

The counts stated trespass against Edwards and trespass on the case against his alleged principals. The sufficiency of such pleading is challenged by demurrer—for joining in a single count two causes of action. Each count was for simple negligence. Holland v. Fidelity & Deposit Co. of Maryland et al., 225 Ala. 669, 671, 145 So. 131; Edwards v. Russell, 222 Ala. 484, 133 So. 3; Southern R. Co. v. Beaty, 212 Ala. 608, 103 So. 658; Ex parte Louisville & N. R. Co., 203 Ala. 328, 83 So. 52; Louisville & Nashville R. Co. v. Abernathy, 197 Ala. 512, 73 So. 103; Central of Georgia R. Co. v. Carlock, 196 Ala. 659, 72 So. 261.

In Central of Georgia Ry. Co. v. Carlock, supra, it is held that the master and negligent servant may be joined in an action for injury caused by the servant's negligence.

Kennedy was eliminated by the general affirmative charge given at his request.

[1] The verdict was rendered against Edwards and Hawkins. The notice of the appeal and summons issued to Edwards to appear in this court in compliance with section 6143 of the Code; Hawkins having appealed, and Edwards having not appealed. The case therefore stands in this court with Hawkins as the sole appellant, and is so considered. Louisville & N. R. Co. v. Shikle, 206 Ala. 494, 90 So. 900.

[2] There was no error in overruling the demurrer to counts 1 and 2.

[3] The question of moment, that is urged, is the refusing of the general charge requested by the defendant. When the record is carefully examined, there is no evidence that the car belonged to Hawkins, or that Edwards was employed by or was the agent of Hawkins, and that he was acting within the scope and authority of such agency. In this respect the burden of proof rested upon the plaintiff. Tullis v. Blue, 216 Ala. 577, 114 So. 185. In this case there was no evidence that Edwards was permitted to use a car belonging to Hawkins. See, also, Gardiner v. Solomon, 200 Ala. 115, 75 So. 621, L. R. A. 1917F, 380; Parker v. Wilson, 179 Ala. 361, 60 So. 150, 43 L. R. A. (N. S.) 87.

[4] There is evidence that Kennedy worked for Hawkins before the time of the injury; but the acts of Kennedy in that behalf would not avail, as the jury discharged him and acquitted him of actionable negligence, and if his negligence is relied on as the servant of Hawkins, the fact of this discharge would discharge Hawkins. Walker v. St. Louis-San Francisco R. Co., 214 Ala. 492, 108 So. 388; Southern R. Co. v. Lockridge, 222 Ala. 15, 130 So. 557.

[5] It may be said further that the parties were within the influence of the Highway. Code (Michie's Code, § 1397 [49] et seq.); were approaching on an intersection, and the rule of the road in this respect is that the one on the right has the right of way (Code, § 1397 [66]); and a person entering a highway from a private road (such as was the case here) is required by the law to yield the right of way to the passenger proceeding along the highway. Michie's Code, § 1397 [51]; § 1397 [67].

This record shows that the time of the collision was 8 o'clock a. m.; that the automobile which Edwards was driving was on the public highway proceeding toward Haleyville on the right side of that thoroughfare; that the space was clear and unobstructed for sixty or seventy-five yards to plaintiff's intestate's view (stand-

ing as he was upon the wagon and lumber) in the direction of Edwards and the approaching car for such distance sufficient to apprehend and avoid the danger of collision by his entry upon the highway at and from a point not a public crossing or general roadway; that without a stop plaintiff's intestate entered thereon from the left, and when his wagon was stricken, it was on the right side of the roadway and the left wheels about the center of the road. Under this evidence and the rule of the statutes that obtains, it was plaintiff's intestate's duty to have stopped the team he was driving and allowed the automobile the right of way as it proceeded at a lawful rate (to wit, thirty or thirty-five miles per hour) on the right side of the public highway; and under the law, if he did not so do, he was guilty of negligence that proximately contributed to his own injury. Echols et al. v. Vinson, 220 Ala. 229, 124 So. 510.

Several affirmative instructions requested were improperly refused.

Reversed and remanded.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.