191 So. 252

## MOORE v. CRUIT.

### 3 Div. 299.

Supreme Court of Alabama.

June 29, 1939.

Rehearing Denied Oct. 12, 1939.

416

H. C. Rankin, of Brewton, for appellant.

418

McMillan, Caffey & McMillan, of Brewton, for appellee.

GARDNER, Justice.

Plaintiff was riding as a guest in a car driven by one Vickery, which collided in the public road with a school bus operated by one Malone, as the agent of defendant Moore, and acting in the line and scope of his duties. There was judgment for plaintiff, and defendant appeals.

The demurrer to count 1 was properly overruled (McQueen v. Jones, 226 Ala. 4, 145 So. 440; Ruffin Coal & Transfer Co. v. Rich, 214 Ala. 622, 108 So. 600), and, likewise, as to count 3. Shelby Iron Co. v. Morrow, 209 Ala. 116, 95 So. 370.

It was plaintiff's theory that the car in which he was riding as a guest was being driven in a southerly direction, with due

care and at a speed not exceeding 40 miles per hour on the main highway leading from Atmore to McCullough, when defendant's bus suddenly ran into the center of the highway from an intersecting road, known as the Ewing road, resulting in the collision of the two vehicles, and inflicting injuries upon plaintiff.

The Ewing road intersects, but does not cross the Atmore highway, the weight of the evidence being to the effect it intersects at an angle of forty-five degrees. At the point of intersection there is a fence and hedgerow, which obstructs the view along the Atmore highway.

Defendant insists that the bus was brought to a stop at the point of intersection, and that although the view is obstructed at the point of intersection, yet back some 25 or 30 feet one could see, and that he did look and saw no approaching vehicle.

The intersecting Ewing road, referred to in the complaint as a settlement road, was also a public road. Defendant attaches some significance to the reference to the Ewing road as a settlement road, with particular reference to General Acts of 1927, page 373, § 65(a), as to the rule of the road, and as construed in Echols v. Vinson, 220 Ala. 229, 124 So. 510; White Dairy Co. v. Sims, 230 Ala. 561, 161 So. 812, and Hawkins v. Barber, 231 Ala. 53, 163 So. 608.

■ But it would seem that the mere designation of a road as a settlement road does not necessarily mean it is not also a public road, as distinguished from a private road. Cozard v. Kanawaha Hardwood Co., 139 N.C. 283, 51 S.E. 932, 1 L.R.A.,N. S., 969, 111 Am.St.Rep. 779, cited in 50 Corpus Juris 378. And we have held that it is the character, rather than the quantum of use, that controls, and that, although the chief users be a few families having a special need therefor, this does not necessarily stamp it as a private way. Ritter v. Hewitt, 236 Ala. 205, 181 So. 289.

■ A careful reading of the record is persuasive that plaintiff's proof does tend to show that the bus was run into the center of the road, and was not stopped at its edge, as defendant contends, at least, so the jury was authorized to find. And, if the rule of the road as to the approach of vehicles to an intersection, which gives the right of way to the one on the right, is conceded to be here applicable (General Acts 1927, page 372 § 64(a); Echols v.

Vinson, supra), yet that would not suffice to exonerate defendant of all negligence in running the bus into the center of the Atmore highway at a "blind" intersection, as the evidence tends to show. Nor could the driver of the car, in which plaintiff was riding as a guest, be held to negligence as a matter of law for merely driving his car on the Atmore highway at a speed of 40 miles per hour. Upon all the evidence, the question of negligence as to each was for the jury's consideration. But Vickery's negligence could not be imputed to plaintiff, his guest, as there is no pretense in the proof that plaintiff had any authority over the car's movements in any manner. Morgan-Hill Paving Co. v. Fonville, 224 Ala. 383, 140 So. 575; Baker v. Baker, 220 Ala. 201, 124 So. 740; Proctor v. Coffey, 227 Ala. 318, 149 So. 838; Crescent Motor Co. v. Stone, 211 Ala. 516, 101 So. 49.

■ And it is too clear for discussion that it cannot be said the proof shows that any negligence of the driver of the car was the sole proximate cause. Morgan Hill Paving Co. v. Fonville, supra. Nor is it essential for plaintiff's recovery that negligence of defendant's driver be shown as the sole proximate cause of his injuries. It is sufficient that his negligence, concurring with one or more efficient causes, other than plaintiff's fault, is the proximate cause. Chambers v. Cox, 222 Ala. 1, 130 So. 416.

■ Injuries arising from concurring negligence of joint tortfeasors, whether acting together or independently, may be redressed by joint or several actions. Chambers v. Cox, supra.

■ In plea 6 (sustained by the court) plaintiff's alleged contributory negligence is rested upon the dangerous and unlawful speed of the car in which he was riding, known to plaintiff and his failure to protest; and in plea 7 to his failure to withdraw from the car after the driver disregarded his protests at the dangerous speed. As to this latter plea, however, the court concluded it was without support in the proof, and gave instructions against a finding for defendant thereon.

Plaintiff's testimony to the effect he did not know the exact location of this intersection, and that the road had been changed, appears to be uncontradicted. No witness estimates the speed at exceeding 40 miles per hour, though, perhaps, from some general expressions used, the

jury might infer a speed somewhat in excess of this figure. Plaintiff was a farmer and was in the car with his family as an invited guest of Vickery. He says there was no protest as to speed because there was no occasion to do so. Plaintiff denies he stated to Stacey and Mack (witnesses for the defendant) that Vickery was driving too fast, and that he, plaintiff, was looking back talking to his wife; and insists the speed did not exceed 40 miles per hour.

It is insisted that it was reversible error to give charge 9, requested by plaintiff, upon the theory it was abstract. It was evidently requested as a caution against plaintiff being held chargeable with any negligence on the part of Vickery, and the point is not well taken under the authority of Chambers v. Cox, supra.

The court in the oral charge gave the definition of proximate cause, and if plaintiff's given charge 10 was faulty for failure to exclude any negligence on plaintiff's part, we think the omission here is misleading only,—a matter readily remedied by explanatory charge requested by defendant. Alabama Power Co. v. McIntosh, 219 Ala. 546, 122 So. 677.

What has been said as to charge 9 is equally applicable to charge 12 given for plaintiff, and needs no further discussion. Crescent Motor Co. v. Stone, 211 Ala. 516, 101 So. 49.

It is the recognized rule that, in the absence of facts suggesting to a guest in a car as a reasonably prudent person, the necessity to keep watch, he is under no duty to protest to the driver as to excessive speed. "The law imposes no such duty in the absence of facts suggesting a necessity to keep watch to one of ordinary care." Baker v. Baker, 220 Ala. 201, 124 So. 740, 742. To like effect is Proctor v. Coffey, 227 Ala. 318, 149 So. 838, and Bradford v. Carson, 223 Ala. 594, 137 So. 426.

We think it is a rather strained construction to say that charge 13 assumes "an absence of facts," as it was clearly intended, and doubtless understood by the the jury, as stating a recognized principle of law and nothing more.

Given charge 14 correctly states the rule under our decisions (Baker v. Baker; Proctor v. Coffey, and Bradford v. Carson, supra), which, as pointed out

in the Proctor case, supra, are not in conflict with Birmingham Ry., Light & Power Co. v. Barranco, 203 Ala. 639, 641, 84 So. 839.

So far as concerns the merits of the case, it is clear enough there was no error in refusing the affirmative charge, requested by defendant, and we do not feel that this assignment needs further consideration.

The evidence as to statements made by plaintiff perhaps justified the submission of the question of contributory negligence on his part to the jury, though, it must be confessed, it is not at all convincing to that effect. However that may be, defendant cannot complain of its submission to the jury, and we are clearly persuaded no case is here presented for any disturbance of the verdict on the motion for a new trial as contrary to the preponderance of the proof. The case upon the facts differs materially from that of Great Atlantic & Pacific Co. v. Donaldson, 26 Ala.App. 179, 156 So. 859, 862, upon which much reliance is had.

Defendant also argues for the affirmative charge upon the theory of a variance between the averments of the complaint as to ownership of the car, and the designation of the Ewing road as a settlement road, neither of which presents any matter of serious import in the case. We have previously made reference to the matter of settlement road, which need not be here repeated. It was a public road, as the proof shows. But plaintiff's case rested upon a different principle from that involved in the rule of the road under the Act of 1927, supra. There is nothing in the record to indicate that any matter of variance was called to the attention of the trial court, and the argument overlooks Circuit Court Rule 34, which has been given frequent application here. Ruffin Coal & Transfer Co. v. Rich, 214 Ala. 633, 108 So. 596.

Defendant insists that one driving a car on the highway has a right to assume that others will observe the rule of the road, citing Johnston v. Weissinger, 225 Ala. 425, 143 So. 464, and L. Hammel Dry Goods Co. v. Hinton, 216 Ala. 127, 112 So. 638. But under the facts of this case defendant's refused charge 2 was misleading, and could well be understood by the jury that plaintiff was to be denied

recovery if the driver of the car, in which he was a guest, was negligent in a failure to observe the rule of the road, and that the driver of the bus was excused thereby from any negligence in entering the highway at a time and place when it was apparent to do so would likely result in a collision.

It has long been the rule that an assignment of error not insisted upon in original brief is waived, and not to be renewed by being urged in a supplemental brief subsequent to submission of the cause on appeal. Hamilton v. Crawford Mercantile Co., 201 Ala. 403, 78 So. 401; Holloway v. Calvin, 203 Ala. 663, 84 So. 737. This rule is applicable to the fourteenth assignment of error, which needs no further comment.

The matters pressed for consideration by appellant have been duly considered, and we find no ruling prejudicial to defendant's cause and justifying a reversal of the judgment. It will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.