W. E. WILEY, Appellant, v. A. S. DOBBINS, Appellee.

**APPEAL AND ERROR:** Harmless Error—Party Not Entitled to Recover. The erroneous exclusion of testimony bearing on damages suffered by a party, or the giving of an erroneous instruction relative to proof of sole ownership of the injured property, is quite harmless when it is manifest that the jury found that the party in question was not entitled to recover in any event, because of his own negligence.

**NEGLIGENCE:** Imputed Negligence—Common Purpose. The negligence of the driver of an automobile who, because of his skill as a

driver, is selected by the owners to operate the car on a pleasure trip, is imputable to such owners, even though such driver was the guest of such owners. (See Book of Anno., Vol. 1, Sec. 5028, Anno. 13.)

Headnote 1:   4 C. J. pp. 987, 988, 1043, 1047.   Headnote 2:   29 Cyc. p. 543.

Headnote 1:   2 R. C. L. 253.

*Appeal from Wayne District Court.*—H. H. CARTER, Judge.

### JULY 1, 1927.

Action for damages arising out of a collision between two automobiles. The defendant filed a counterclaim charging the plaintiff with negligence in the operation of his automobile, and also asking damages. The material facts are stated in the opinion. The jury returned a verdict in favor of the defendant, and the plaintiff appeals.—*Affirmed.*

*C. A. Baker, D. Fulton Rice,* and *Steele & Miles,* for appellant.

*Walter Stewart* and *Evans & Garrett,* for appellee.

STEVENS, J.—I.   The accident in question occurred just before dark on the evening of June 15th, on a public highway in the vicinity of Centerville. Plaintiff's car was occupied by his wife, son, and daughter, and one Carl W. Hazelwood, to whom the daughter was subsequently married. Appellant's car was a new Willys-Knight, and was being driven by Hazelwood. While proceeding westward on the highway, appellant's car collided with the Ford driven by appellee. There is much disagreement in the testimony of the witnesses as to whose negligence, if any, caused the collision. The driver and other occupants of appellant's car all testified that they were proceeding westward on the north side of the highway at less than 20 miles per hour; that the Ford car ran into the Willys-Knight, breaking the front bumper and interlocking the two cars. The Ford was turned completely over, toward the north. Appellee and the other occupant of the Ford testified that ap-

pellant's car was being driven on the south side of the highway, at a rapid rate of speed, and that the driver thereof, in attempting to cross the road to the north side, caught the front bumper of the Willys-Knight car near the left end of the front bumper of the Ford, dragging and overturning it. Other witnesses testified to the respective positions of the cars when they arrived, and to the appearance of the tracks adjacent thereto. There is considerable conflict in the testimony of these witnesses.

One of the principal contentions of appellant is that the verdict of the jury was contrary to and not sustained by the evidence. This contention is based largely upon asserted physical facts. A careful reading and analysis of the record fails to disclose such physical facts as would justify the court in saying that the verdict is necessarily in conflict therewith. There is much in the evidence, and also in the physical facts, to support appellant's theory of the collision; but, in the absence of controlling physical facts, the conclusion of the jury must have been arrived at upon consideration of the conflicting testimony of the various witnesses. The credibility of the witnesses and of their testimony was for the jury. Mere ground for disagreement as to whether the weight of the evidence favored one party or the other affords no ground for setting aside the verdict. It cannot be said that the verdict is either contrary to or wholly without support in the evidence.

II. The Willys-Knight car was repaired at a cost of $417.05. Appellant also offered testimony to show the difference in the market value of the automobile immediately before the collision and its value after it had been repaired. This testimony was excluded, upon the objection of counsel for appellee. Whether the ruling was erroneous or not, it was, in view of the verdict of the jury, clearly without prejudice to appellant.

1. APPEAL AND ERROR: harmless error: party not entitled to recover.

III. The remaining matters complained of relate to alleged errors in the instructions. The members of appellant's family who were in the automobile at the time of the accident testified that the car was purchased with money contributed by them and appellant jointly. Registration was in the name of the latter, who testified that he, in fact, borrowed the mon-

ey from the members of his family, for the purpose of aiding him in the purchase of the automobile, and that they had no interest therein. The court instructed the jury that, to entitle appellant to recover damages for the injury to the automobile, it was necessary for them to find that he was the sole and exclusive owner thereof. The contention of appellant at this point is that the court should have instructed the jury that he was entitled to recover if the evidence showed that he was the real party in interest. The distinction sought to be drawn by counsel is that appellant might be the real party in interest, without being the sole and exclusive owner of the car. It may be assumed, without the citation of authorities, that appellant could not recover in an action brought in his name only, for injuries to an automobile which he owned jointly with others. Just what the respective interests of the several parties were in the automobile is not disclosed.

All of the occupants of appellant's car were more or less injured at the time of the collision,—some of them quite severely. They all assigned their claims for damages for personal injuries to appellant. The court made it clear in its instructions to the jury that the right of appellant to recover on these assignments in no wise depended upon the ownership of the automobile. The injuries to some of the occupants of the car were so severe and substantial as to justify the assumption that a verdict would have been returned in appellant's favor therefor if the other elements necessary to a recovery had been found by the jury in his favor. A contrary conclusion as to these items would, upon any other theory than that the jury found against the appellant generally, be wholly unjustified. It seems clear, therefore, that the instruction complained of, if erroneous, was without prejudice to appellant.

IV. The court placed the burden upon appellant to prove the assignments alleged by him. This is complained of upon the ground that the evidence on this point was without conflict and an instruction thereon should not have been given. The contention is manifestly without merit.

V. The court also limited appellant's recovery to the cost of repairing the automobile. Error at this point, if any, was without prejudice to appellant. The evidence as to the cost

of repairing the automobile was not disputed, and the instructions of the court permitted recovery for the amount shown. As the verdict was against appellant, there is no merit in the complaint of this instruction.

VI. The court instructed the jury that the negligence of the driver of appellant's automobile, if any, was imputed to the other occupants of the car. The testimony of appellant all tended to show that Hazelwood, the driver, who subsequently married appellant's daughter, who was sitting on the front seat of the automobile with him, was selected by the mother and son to drive the car. He was an automobile mechanic, the car was new, and he appears, for this reason in part, to have been designated as the driver. The witnesses all testified that the party was made up for the purpose of going riding; that no one had any particular right to control or direct the operations of the automobile; but .that they were all engaged in the common purpose of taking a ride together. Hazelwood had no interest in the automobile, and was the guest of the other occupants thereof. According to their testimony, they each had an interest therein, and might have directed the movement or operation thereof. They were engaged in a common purpose or design, and, under the repeated decisions of this court, the negligence of the driver, if any, was imputed to them. *Lawrence v. City of Sioux City,* 172 Iowa 320; *Stoker v. Tri-City R. Co.,* 182 Iowa 1090; *Bridenstine v. Iowa City Elec. R. Co.,* 181 Iowa 1124; *Wagner v. Kloster,* 188 Iowa 174.

*2. NEGLIGENCE: imputed negligence: common purpose.*

The rule of a common purpose or design is a somewhat narrow one, but would seem to be applicable to the facts of this case. The exceptions to the instructions do not challenge the form or substance thereof.

Other instructions not referred to in the argument of counsel are complained of. An examination of them, however, reveals no ground for reversal. We conclude, therefore, that the judgment of the court below must be, and it is, affirmed. —*Affirmed.*

EVANS, C. J., and VERMILION, ALBERT, and KINDIG, JJ., concur.