VELENDA STINGLEY, Appellee, v. MILDRED CRAWFORD et al., Appellants.

No. 42599.

JANUARY 8, 1935.

W. J. Barngrover, for appellants.

Donnelly, Lynch, Anderson & Lynch, for appellee.

ALBERT, J.—The accident in controversy occurred about 9 o'clock in the morning of April 22, 1933, at the intersection of Fifth avenue and Sixteenth street in the city of Cedar Rapids. Fifth avenue runs east and west, and Sixteenth street runs north and south. The width of Fifth avenue from curb to curb is 40 feet, and the width of Sixteenth street is 30 feet, and both are paved. The plaintiff lived south of Fifth avenue, and, at the time in controversy, she was invited by a neighbor (Mrs. Walters) to ride in the Walters car. The plaintiff occupied the right hand side of the back seat, with Mrs. Walters driving. The apparent purpose was to turn to the left at the aforesaid intersection. A jury might, from the evidence in the case, find that at about the time this car entered the said intersection the defendants' car, driven by Mildred Crawford, was going west on Fifth avenue, and that the plaintiff, at the time of entering the intersection, looked to the east and saw defendants' car in the neighborhood of 250 feet or more from the intersection. The Walters car had passed the center of said intersection and was turning to the left (the west) at the time the collision occurred. The plaintiff looked to the east and saw the defendants' car at about the distance above stated, and then she looked in the other direction, and then turned to look through the rear window of the car to see whether there was a car approaching from the rear, and she did not again look to the east up to the time of the collision. The Walters car was struck and driven in a northwesterly direction across the street, and struck a tree standing in the parking at the northwest corner of said intersection. Plaintiff suffered serious injury.

The first question raised is the claim that the plaintiff was guilty of contributory negligence as a matter of law, in that she failed to continue to look to the east after the car in which she was riding had entered said intersection. We have discussed this question of the sufficiency of the evidence on the question .of contributory negligence so many times that there seems little necessity of elaborating the law thereon. The final pronouncement on this question is now called to our attention in the case of Hartman v. Red Ball Transportation Co., 211 Iowa 64, 233 N. W. 23. in which case a similar accident occurred at an intersection, and the car approaching from the right was in the neighborhood of only 70 to 80 feet distant from the intersection, and we there held that the question of contributory negligence, under such circum-

stances, was a question for the jury. If the Red Ball case was rightfully decided, which we hold that it was, the rule there laid down must govern in the present case, and, as we read the record, there was a question of fact for the jury on the question of contributory negligence.

Much stress is laid on the case of Hutchinson v. Sioux City Service Co., 210 Iowa 9, 230 N. W. 387. The fact situation in the Hutchinson case, however, is so different from the fact situation in this case, that that case has no application to this.

It is also to be remembered in this case that the plaintiff was not the driver nor the owner of the car, but was a guest, and the burden to avoid a charge of contributory negligence is not so heavy on a guest in the back seat as it is upon the driver of the car. She yet, however, carries the burden of proving herself free from contributory negligence.

It is next insisted that it is the duty of the passenger in exercising ordinary care for his own safety "to keep a lookout and to warn the driver of approaching dangers, or protest against excessive speed, reckless driving, and dangerous practices indulged in by the driver." While this is the rule in the state of Wisconsin, it has never been adopted in this state. The furthest we have ever gone, or cared to go, is to hold that a passenger in an automobile must exercise ordinary care and caution for his own safety, and whether he does so or not is generally a question of fact for the jury. We do not wish to commit ourselves to the doctrine that it is the bounden duty of the passenger, under any circumstances, to warn the driver of approaching danger. It sometimes might prove more disastrous than beneficial for the back seat passenger to be directing the driver as to the management of the car. We think, under this record, it is a safe rule to say that it is a question of fact for the jury to say whether or not the plaintiff exercised due care under all the circumstances of the case.

The next question raised involves the doctrine of assumption of risk. We elaborated this doctrine and laid down the rule governing its application in the case of White v. McVicker, 216 Iowa 90, loc. cit. 94, 246 N. W. 385. One of the material points made in that case is that, where one voluntarily becomes a guest in an automobile, with the knowledge that the driver is incompetent or inexperienced, or, after he has assumed his position in the car, it comes to his knowledge that the driver is intoxicated or is reck-

less in his driving, and with such knowledge on his part he aids or encourages the driver, or acquiesces or joins or co-operates in such recklessness, he takes the chance of an accident, and, in case an accident occurs, arising from such known incompetency, inexperience, or intoxication of the driver, or other such known recklessness, then plaintiff cannot recover. The material point is that, before the doctrine of assumption of risk can apply, the plaintiff must have known of the danger. The doctrine thus announced has no application to the facts in this case, because there is no evidence to which the doctrine could be applied.

It is next urged that the plaintiff and the driver of her car were engaged in a common enterprise and the negligence of the driver becomes the contributory negligence of the plaintiff. In the aforesaid case of White v. McVicker, 216 Iowa 90, 246 N. W. 385, we also discussed this same doctrine. In that case the holding was that, under the record in the case, the court was justified in not submitting to the jury the issue of joint adventure or common enterprise.

In the case of Lindquist v. Thierman, 216 Iowa 170, 248 N. W. 504, 87 A. L. R. 893, relied on by the appellants, the plaintiff (the wife) alleged in her petition that she and her husband were engaged in a joint adventure or common enterprise, and both participated jointly in the operation of the motorcar which carried them over the highways. The husband's negligence, then, in the execution of the common enterprise, became the contributory negligence which defeated the wife's recovery.

The case of Shenkle, v. Mains, 216 Iowa 1324, 247 N. W. 635, is not applicable to the situation before us. The question on which it is cited, to wit, joint adventure or common enterprise, is not one of the turning points in that case; and, further, that case deals wholly with the question of the construction of the reckless driving statute.

The fundamental doctrine controlling this question of joint adventure or common enterprise is not controlled by the fact that the parties are going to the same place on the same mission, but by whether or not the complaining party bore such relation to his associate as that he had the right of control in some manner over the means of locomotion. Such seems to have been the rule in this state as shown by the cases of Lawrence v. Sioux City, 172 Iowa 320, 154 N. W. 494; Wagner v. Kloster, 188 Iowa 174, 175

N. W. 840; Stoker v. Tri-City Ry. Co., 182 Iowa 1090, 165 N. W. 30, L. R. A. 1918F, 515; Stilson v. Ellis, 208 Iowa 1157, 225 N. W. 346; and Albert v. Maher Bros. Transfer Co., 215 Iowa 197, 243 N. W. 561.

In Stilson v. Ellis, supra, we had this identical situation. The husband was the owner and driver of the car, and the wife was riding with him in the front seat when their car was struck by the defendant's car. We there said:

"He [the husband] drove, managed, and controlled it [the car]. Consequently, appellee was no more than his guest, riding with her husband at his invitation to the funeral of his relative."

This doctrine was reaffirmed in Albert v. Maher Bros. Transfer Co., supra, the point, so far as this case is concerned, being that the passenger did not drive, manage, or control the car, or have any right to do so, and, if not, then there is no joint adventure or common enterprise. When we turn to the record in this case. we find no evidence whatever that would warrant the holding that the plaintiff and the driver of her car were engaged in a joint adventure or common enterprise.

The defendants asked certain instructions, among which was one that, in substance, instructed that the sole and proximate cause of the accident was the negligence and recklessness of the plaintiff and the driver of her car. To have given this instruction would have amounted to a directed verdict on this proposition, which was not warranted under the record in the case. It is urged that, in stating the issues in the instructions, the court failed to specifically state this issue. The general denial filed by the defendants and stated by the court to be the answer of the defendants was sufficient to raise this issue without any special plea thereof in the answer, and by putting it in the answer it raised no new issue; hence the defendants were not prejudiced by the failure of the court in stating the issues to set this out specifically.

The second instruction asked practically covered the matters set out in the first, and sought to raise the issue of assumption of risk, but, as we have held that there is no evidence to which this doctrine could apply, the court did not err in refusing to submit the same.

The third asked instruction sought to have the question of joint enterprise submitted, and, as we have already held that there

514

is no evidence to sustain a claim of joint enterprise, the court did not err in refusing to submit this issue.

The plaintiff's counsel, in argument to the jury, made a certain remark to which the defendants took exceptions, and defendants' counsel then called the same to the attention of the court and asked the court to admonish the jury and ask them not to consider any such remark as made. Plaintiff's counsel denied the correctness of the quoted remark, and the court said: "If that remark was made you know it better than the court does, and if so made you will pay no attention to it during the time you are considering the case." While the remark made is close to the border line, we think that, when the court, in response to the request of the defendants, promptly told the jury that they should pay no attention to the said remark during the time they were considering the case, it was not prejudicial error.

We have carefully reviewed all the errors assigned in this case, and find no one of them, nor all of them combined, sufficient to warrant a reversal of the case.—Affirmed.

ANDERSON, C. J., and DONEGAN, MITCHELL, KINTZINGER, POWERS, PARSONS, and RICHARDS, JJ., concur.