W. H. Churchill, Appellee, v. B. B. Briggs, Appellant.

No. 44417.

November 22, 1938.

E. L. Carroll, and Kenneth H. Davenport, for appellant.

Ed Fackler, Jr., and Thos. E. Mullin, for appellee.

Donegan, J.—The plaintiff, W. H. Churchill, lived at Gravity, in Taylor County, was engaged in buying and selling horses, and had bought from and sold to one L. A. NaLean of Corning, Iowa. On October 17, 1936, he attended a horse sale in Des

Moines and while there met NaLean. While some mules were being sold at the sale, NaLean said he would like to have a pair of mules, and Churchill replied that he knew where he could buy a much better pair of mules than the team which was on sale. Churchill and NaLean left Des Moines after the sale was over and proceeded toward Corning, where Churchill had left his car. It appears that the mules to which Churchill had referred were some distance south of the paved road between Afton and Creston, and that it was the intention of. Churchill and Na-Lean to look at these mules on their way home. NaLean was driving the car in which he had gone to Des Moines and Churchill was seated in the front seat with him. After stopping at Winterset for lunch and making two or three brief stops, they left the paved road and Churchill, who knew the general neighborhood but not the exact place where the team of mules was to be found, directed NaLean as to the roads to follow. As they were proceeding eastward on a dirt road and crossing a north and south intersecting dirt road, the car in which they were riding was struck by a car driven by the defendant, and the plaintiff received injuries for which he sued. The trial of the case resulted in a verdict and judgment for plaintiff, and the defendant has appealed.

I. The first alleged error relied on for reversal has to do with the court's refusal to submit to the jury the question of contributory negligence of the driver of the car in which plaintiff was riding, and is raised by exceptions to an instruction given and an instruction refused, and also by motion for new trial. After telling the jury that, if the negligence of L. A. Na-Lean was the proximate cause of the damage suffered by the plaintiff, he could not recover from the defendant, and that the plaintiff could recover from the defendant only by proving that the defendant was negligent, that plaintiff was damaged thereby, and that he was free from contributory negligence, the trial court gave this instruction:

"Under the circumstances proven on the trial of this case the negligence of L. A. NaLean would not be imputed to the plaintiff, and even though you find that the said L. A. NaLean was guilty of some negligence which contributed to plaintiff's injury, yet if you further find that the negligence, if any, on the part of the defendant was the proximate cause of plaintiff's

injury, such contributing negligence, if any, on the part of L. A. NaLean would not bar the plaintiff from recovering from the defendant in this case.''

The trial court also refused to give an instruction requested by the defendant in regard to joint adventure or enterprise, and it is the claim of appellant that the giving of the instruction set out above and the refusal to give the requested instruction constitute reversible error.

For the purpose of considering the proposition here presented, it may be conceded that the evidence was such that the jury could have found therefrom that the defendant was guilty of negligence which was the proximate cause of the collision and resulting injury, and that NaLean, the driver of the car in which plaintiff was riding, was also guilty of negligence which contributed to the accident and injuries. Appellant's contention is based upon his claim that the evidence was such that the jury could have found therefrom that plaintiff and NaLean were engaged in a joint enterprise, and that, therefore, the plaintiff is bound by the contributory negligence of NaLean. Appellant cites many cases and in argument relies particularly on Wagner v. Kloster, 188 Iowa 174, 175 N. W. 840; Wiley v. Dobbins, 204 Iowa 174, 214 N. W. 529, 62 A. L. R. 432; Lindquist v. Thierman, 216 Iowa 170, 248 N. W. 504, 87 A. L. R. 893; Stingley v. Crawford, 219 Iowa 509, 258 N. W. 316; Carpenter v. Wolfe, 223 Iowa 417, 273 N. W. 169.

An examination of these cases, however, shows that the facts in each of them were entirely different from the facts in the case at bar. The evidence upon which the appellant relies, as tending to show a joint enterprise or adventure, is that Churchill had previously bought horses from and sold horses to NaLean; that he had told NaLean of a team of mules which he could buy for him and which were better than the mules which NaLean was looking at while at the sale; that the trip was taken for the purpose of locating this team of mules; that one or more other stops had been made upon the suggestion of the plaintiff for the purpose of looking at some horses or mules other than the team for which they were searching; and that Churchill was directing NaLean as to where he should turn from one road to another when trying to locate this team of mules. The evidence also showed, however, that Churchill and NaLean met at Des Moines without

any previous appointment, and failed to show that there was any agreement by which Churchill was to purchase the mules and sell them to NaLean, or that he was to do anything more than direct and accompany NaLean to the place where the mules would be found. The car in which they were riding was the one in which NaLean had gone from Corning to Des Moines, and Churchill neither drove it at any time nor exercised any control over its operation. That such facts are not sufficient to establish a joint enterprise is well established by the holdings of this court. In Stingley v. Crawford, 219 Iowa 509, at page 512, 258 N. W. 316, at page 318, we said:

"The fundamental doctrine controlling this question of joint adventure or common enterprise is not controlled by the fact that the parties are going to the same place on the same mission, but by whether or not the complaining party bore such relation to his associate as that he had the right of control in some manner over the means of locomotion."

In Cram v. City of Des Moines, 185 Iowa 1292, 172 N. W. 23, we used this language [page 1301 of 185 Iowa, page 26 of 172 N. W.]:

"It is quite self-evident that the negligence of the driver is not imputable to the passenger merely because the passenger gives the direction as to the course over which the conveyance is to be driven. If it were, the passenger who engages the driver of a taxi and tells him to take him to a stated destination over a stated route, can recover nothing if the joint result of negligence on the part of the driver and of a third person injures the passenger; and because of such direction, the passenger would be liable if his driver, through negligence, injured a third person. This cannot be so."

In Carpenter v. Wolfe, 223 Iowa 417, 273 N. W. 169, in which the facts were, in many instances, similar to those in the instant case, it is stated [page 426 of 223 Iowa, page 174 of 273 N. W.]:

"It may be conceded that plaintiff and her husband were engaged in carrying out a common enterprise, but, the doctrine of imputed negligence is not applicable unless it further appears that the passenger has the right to control the operation of the

means of locomotion employed to carry out the common purpose. If the passenger does have this right, the driver is the agent of the passenger.''

To the same effect, see Barrett v. Chicago, M. & St. P. Ry. Co., 190 Iowa 509, 175 N. W. 950, 180 N. W. 670; Wagner v. Kloster, 188 Iowa 174, 175 N. W. 840; Bridenstine v. Iowa City Electric Ry. Co., 181 Iowa 1124, 165 N. W. 435; Schwind v. Gibson, 220 Iowa 377, 260 N. W. 853; Crowley v. C. B. & Q. Ry. Co., 204 Iowa 1385, 213 N. W. 403, 53 A. L. R. 964; Wolfson v. Jewett Lumber Company, 210 Iowa 244, 227 N. W. 608, 230 N. W. 336; Keller v. Gartin, 220 Iowa 78, 261 N. W. 776; Meggers v. Kinley, 221 Iowa 383, 265 N. W. 614.

II. The defendant-appellant requested an instruction which, after telling the jury, in substance, that the court did not, in its instructions nor by any ruling made or acts done or words uttered mean to give any intimation as to what the proof is in the case or what the verdict should be, and that it was solely for the jury to weigh the evidence and determine the facts from the evidence and apply the law as stated in the instructions, further stated:

''The Court has not attempted to embody all the law applicable to the case in any one of these Instructions, but in considering any one of the Instructions you must consider it in the light of and in harmony with all other instructions given and apply them as a whole to the evidence in this case.''

The court gave all of the requested instruction, except the last paragraph quoted above. The appellant alleges reversible error because, as he argues, the omitted portion of the instruction was proper, has been approved by this court, and informs the jury of a rule that has been announced in many cases. In support of his contention appellant cites Lampman v. Bruning, 120 Iowa 167, 94 N. W. 562. There is no question of a refusal to give the instruction in that case. On the contrary, the instruction was given by the court and the complaint made on appeal was that it erred in so doing. This court not only held there was no error in giving the instruction, but commended the instruction as one which might properly be given to the jury. Appellant cites no decision of this court in which the refusal to give the portion of the instruction referred to has been held to

be reversible error. Instead, he refers us to vol. 36 of the Northwestern Digest, under the title ''Trial'', and alleges that in all of the cases cited therein it was necessary for the court to point out to counsel the rule requested by defendant. It is hardly a proper citation of authority to refer the court to all the cases cited under a particular title in a digest. If any of these cases supported the appellant's contention it would certainly have been an easy matter to cite the case or cases so holding, and, in the absence of such citation, we cannot conclude that any of the cases under the general title to which we are referred sustains the point for which appellant contends. While we think it would have been entirely proper for the trial court to have included the part of the instruction requested along with the other portions thereof, we do not think it can be assumed that the jury did not understand that all instructions given should be considered, and, in the absence of any authority supporting appellant's contention, we find no reversible error in the failure of the trial court to give the portion of the requested instruction which was omitted.

III. Appellant complains of the trial court's action in overruling his objection to evidence offered by the plaintiff in rebuttal. One of defendant's witnesses, named Peters, who was riding in the automobile of the defendat at the time of the accident, on direct examination, after relating the incidents connected with and immediately following the accident, was asked whether or not he had a conversation with NaLean, the driver of the car in which plaintiff was riding, shortly after the accident. After having answered that he did have such conversation, he was asked to tell the jury what NaLean said, and answered:

''He wanted to know what the Hell I was going to do, and said I better do something damn quick, and I told him that he was jumping on to the wrong guy, I didn't have nothing to do with it whatever.''

The plaintiff was called on rebuttal and, after having been asked whether he heard the conversation between Peters and NaLean, which Peters had testified to, and having answered that he did, was then asked to tell the jury what Peters said to NaLean. This last question was objected to on the ground that it was not proper rebuttal. The objection was overruled and, in answer, the witness said:

"Well, he said, 'Don't blame me', he says, 'Had I been driving that car', he says, 'I would never have hit you,' 'It wasn't my car.'"

NaLean was also asked on rebuttal to tell the jury what Peters said to him in the conversation referred to and, over defendant's objection that it was not proper rebuttal and had been gone into in chief with this witness, he was allowed to answer and said:

"Why, he said, 'Don't blame me for this accident, it isn't my car. If I had been driving that car it wouldn't have happened.'"

The conversation involved was first introduced in evidence by the defendant in his direct examination of his own witness. We are unable to see why the plaintiff did not have a right on rebuttal to ask his witnesses as to this conversation which had been introduced in evidence by the defendant himself, and the trial court could not be expected to know what the answer would be before it had been made.

It may be true that the answer given by the plaintiff's witnesses did not properly constitute rebuttal of the statement which Peters alleged he had made, but there was no motion to strike out the answers for that reason or for any other reason, and we can find nothing in these answers which would justify us in holding that the trial court committed prejudicial error in permitting the witnesses to answer the questions put to them.

For the reasons stated in the opinion, the judgment of the trial court must be, and is, hereby affirmed.—Affirmed.

SAGER, C. J., and ANDERSON, RICHARDS, HAMILTON, KINTZINGER, STIGER, and MILLER, JJ., concur.