ALMON, Justice.
This is an appeal from a verdict and judgment for defendant in a personal injury case. The primary issue is whether there was sufficient evidence that the plaintiff and the driver of the motorcycle she was riding were engaged in a joint venture for the trial court to instruct the jury on a joint venture defense.
The plaintiff, Charlotte Begley, was injured when the motorcycle she was riding as a passenger ran into the rear end of another vehicle. Charlotte was fourteen years old at the time of the accident and her boyfriend, James Minor, was operating the motorcycle. At her request, he had come to pick her up to take her on an errand for her mother to a store adjacent to the mobile home park where she lived.
Tim Morgan, who was at James’s house when Charlotte called, arrived at the store in his van while Charlotte was inside. The store did not have what her mother wanted, so she came out and got on the motorcycle to leave. James drove away and Tim followed. Tim passed them as they drove back toward Charlotte’s home. Tim testified, however, that he left first. There were two speed breakers along the route, and Tim came to a stop in the road after the second one. Tim testified that the rear end of his van “locked up,” causing the van to halt. James and Charlotte ran into the back of Tim’s van and Charlotte was injured.
Charlotte, through her mother as next friend, and her mother, Stella Begley Ham-ner, sued Tim for negligent or willful and wanton operation of his van and sued his father for negligent entrustment. Tim’s father was voluntarily dismissed as a party at the commencement of the trial. After trial of the cause, the jury returned a verdict for defendant Timothy Morgan. The trial court entered judgment on the verdict and denied a motion for new trial.
*10 Charlotte raises three issues: whether the trial judge erred to reversal in refusing to specify before oral argument which written requested charges he would give; whether counsel for defendant caused prejudicial error by continuing to refer to Mrs. Hamner’s Medicaid insurance coverage after the judge sustained objections to that line of questioning; and whether the trial court erred in giving instructions on the defense of joint venture.
We find it necessary to address only the issue regarding the instructions on joint venture. The trial court told the jury:
“He [Tim] pleads the general issue in other words and he alleges that on this occasion the plaintiff herself was guilty of negligence because she was on a joint venture. That would be something for you to decide, whether or not she was and therefore he says under the circumstances she was in a position to exercise some control over the operation of the motorcycle on this occasion.
[[Image here]]
“... You heard the evidence in that regard, the purpose to the store [sic], she was riding on the back of the motorcycle, the rear end of this motorcycle, and she herself was involved in the purpose of the trip, you have heard that evidence and you decide what the occasion was.
[[Image here]]
“... [B]ut if you find that on this occasion ... the plaintiff was guilty of some negligence as a passenger in the failure to exercise control over the operator or failure to do something to prevent the accident, you would be authorized to find contributory negligence on her part.”
Charlotte’s counsel duly objected to these portions of the charge on the grounds that Morgan had completely failed to establish a joint venture. He also objected to the giving of Tim’s requested charges three and six, but these charges are marked “refused,” and there is no indication that they were in fact given, so we pretermit discussion of these charges. The court overruled all objections to the charge.
After deliberating for a time, the jury requested a clarification of the verdict forms. The trial court instructed the jury, inter alia, that
“[I]f he is able to reasonably satisfy you under his answer that she was guilty of contributory negligence, that is to say that she herself, she had the right to exercise some control and failed to do it or did something that an ordinarily reasonable prudent person would have done or would not have done as a passenger or riding on that motorcycle that she was on a joint, the plaintiff [sic] contends that this was a joint mission, that she had gone to the store for her mother, that she had the right of control to exercise some control over the operation of the motorcycle and he alleges she did or failed to do anything she should have done riding on that motorcycle and he charges she was guilty of simple negligence. Now if you are reasonably satisfied that she was guilty of simple negligence on this occasion, she did something that a reasonably prudent person would or would not have done or failed to do something that is just basically suing each other, I mean charging each other with simple negligence. If you are reasonably satisfied that both of them were guilty of simple negligence, well you would be authorized to not return a verdict for either one.”
Upon Charlotte’s objection, the trial court corrected the erroneous instruction that “the plaintiff contends that this was a joint mission,” and told the jury the defendant made the contention. The court overruled Charlotte’s renewed objection to charging the jury on joint venture or contributory negligence.
The jury returned with a verdict but without signing one of the verdict forms. The judge sent the jury back to the jury room so the foreman could sign one of the verdict forms. While in the courtroom, one of the jurors spoke to the circuit clerk, telling her that “they didn’t know which form to sign, that they felt both parties were guilty of negligence and I [the clerk] *11 told them they would have to sign one of those forms.” The jury returned a verdict for defendant Morgan. When the jury was polled, one of the jurors responded, “Judge, of the choices we had, that was our verdict.”
Under the trial court’s instructions, the jury could have concluded that merely because Charlotte and James went to the store on an errand for her mother, Charlotte had a right to control the operation of the motorcycle. This is not correct under the settled law of this state:
“It is a commonplace of the law that ordinarily a passenger in an automobile driven by another, over whom he has no control, is not, on that state of fact, • without more, chargeable with contributory negligence.
[[Image here]]
“The fact that the occupant is a passenger at his own request does not affect his status....
“The rule is well established that in order to create the imputation of negligence of the driver to the passenger, the passenger must have assumed control and direction of the vehicle or must have some right to a voice in the control, management or direction of the vehicle.”
Johnson v. Battles, 255 Ala. 624, 630, 52 So.2d 702 (1951) (citations omitted). The Court made clear in Johnson that the fact that the trip was for the exclusive benefit of the plaintiff passenger did .not justify the inference that the plaintiff had assumed the right to Control the manner of operation of the car.
The Court in Williams v. Pope, 281 Ala. 382, 203 So.2d 105 (1967), reaffirmed this result, emphasizing that a right of control must be shown from the evidence, albeit in the context of the sufficiency of pleas of contributory negligence: “No facts are alleged to show that plaintiff had the duty or authority to control the actions of the driver or the operation of the vehicle.” Id., 281 Ala. at 386, 203 So.2d 105.
In Shannon v. Hollingsworth, 291 Ala. 159, 279 So.2d 428 (1973), the Court held that the mere fact that the passenger gave directions on the route to follow did not mean that he assumed control over the manner in which the vehicle was operated. The court was “unable to find any evidence in the record from which the jury could have found any causal connection between the route followed and the cause of the accident and injuries.” Id., 291 Ala. at 164, 279 So.2d 428.
Most recently, in Nance v. Jones, 384 So.2d 621 (Ala.1980), this Court reversed the trial court for giving an instruction regarding imputation of negligence where the passenger has assumed control because there was no evidence that any of the passengers had assumed control of the vehicle or had any right to control it.
In addition to the statement that the driver’s negligence is imputable to the plaintiff passenger only if the two are on a joint venture or the passenger has some right or duty to control the vehicle, many of the cases on point state that the passenger is not absolved of all duty to care for his own safety. The cases also establish however,' that no such duty arises unless the facts show that the passenger had some knowledge of the danger.
In Coulter v. Holder, 287 Ala. 642, 254 So.2d 420 (1971), the Court held it was error to give an instruction that if the jury found that the plaintiff knew the vehicle in which she was riding was being operated negligently and at an excessive rate of speed but “negligently remained in the automobile without making any remonstrances,” then the jury must find for the defendant. The Court found that
“the evidence does not support a reasonable inference to the effect that Wanda Coulter had knowledge that the manner in which Larry Patterson was driving his automobile was attended with great danger and there is no evidence to support a reasonable inference that she ‘negligently’ remained in the Patterson automobile.”
Id., 287 Ala. at 647, 254 So.2d 420. The Court acknowledged that the giving of an abstract charge is not reversible error “un *12 less it appears from the whole record that the charge did in fact mislead the jury to the appellant’s prejudice,” but found that the charge did in fact mislead the jury and so reversed.
In Brown v. AAA Wood Products, Inc., 380 So.2d 784 (Ala.1980), the Court found no error in giving an instruction on the duty of a passenger to exercise due care where the evidence showed
“that both plaintiffs had planned to go hunting and at the time of the collision the truck in which they were riding was traveling on the wrong side of the road with the driver looking off into the woods. This evidence alone was sufficient to create a jury question as to whether the deceased passenger, Brown, had a duty to keep a watch or to give a warning.”
Id., at 787.
We find the case at bar distinguishable from Brown, supra, and similar to all the other cases cited where this Court held that the evidence did not support an instruction on either imputation of negligence or contributory negligence. As in Johnson, supra, the fact that the trip was for the benefit of Charlotte does not suffice to give her control over the operation of the motorcycle. As in Shannon, supra, the possibility that she chose the route does not mean she had control over the manner in which James operated the motorcycle; moreover, he knew the trailer park as well as she and so probably chose the route himself.
Tim did testify that after his van came to a stop, he looked in the rearview mirror and saw the headlight on James’s motorcycle — it was night at the time of the accident — and the headlight was swerving back and forth rather than going in a straight line. He said it looked as though James was leaning the motorcycle from side to side. Tim testified that the motorcycle appeared to be going about twenty-five miles per hour. Another witness, Frank Stewart, testified that it was going twenty-five miles per hour.
These facts do not support an inference that Charlotte had a right to control the operation of the motorcycle. The jury’s evident confusion and apparent reluctance to return a verdict, as well as the verdict in favor of defendant, show that Charlotte was prejudiced by the court’s instructions on these issues. For this reason, the judgment is due to be reversed and the cause remanded.
REVERSED AND REMANDED.
TORBERT, C.J., and FAULKNER, JONES and ADAMS, JJ., concur.