**Waneta S. BENSON and Lorie L. Fusco, Personal Representatives of the Estate of Laryus L. Benson, deceased, Appellants–Plaintiffs,**

v.

**Todd M. SORRELL, Appellee–Defendant.**

No. 27A05–9303–CV–102.

Court of Appeals of Indiana, Fifth District.

Jan. 31, 1994.

---

John Johnston, Johnston, Lehman & Guenin, Wabash, for appellants-plaintiffs.

T. Neil Bemenderfer, Mark R. Smith, Smith & Bemenderfer, Indianapolis, for appellee-defendant.

BARTEAU, Judge.

May a passenger who directs the route driven by a negligent driver be held responsible for the negligence of the driver? Laryus Benson was killed when the car he was driving collided with a car driven by David Turner. Todd Sorrell, a passenger in Turner's car, had given directions to Turner. As a result of those directions, Turner was travelling on Old State Road 15, where the accident occurred. Waneta Benson and Lorie Fusco, Benson's personal representatives (hereinafter "Benson"), sued both Turner and Sorrell. In this appeal, we address only the claim against Sorrell, that is, whether Turner's negligence may be imputed to Sorrell based on an agency theory. The trial court granted Sorrell's motion for summary judgment and Benson appeals.

We agree with the trial court that summary judgment is appropriate on Benson's claim against Sorrell and affirm.

### FACTS

These facts are undisputed. On June 13, 1990, David Turner, one of Todd Sorrell's friends, telephoned Sorrell to see what he was doing that day. Sorrell replied he was going to watch his cousin play softball and that Turner could come along with him. Turner picked up Sorrell in his father's Fiero and the two went to the softball diamond. After they were at the diamond for a short time, they went to the store to get some ice for a cooler and some change for the conces-

sion stand at the request of Sorrell's uncle. After taking the items to Sorrell's uncle, Sorrell suggested they go smoke a cigarette at Lyon's Speed Shop. On the way to Lyon's, Sorrell asked Turner to stop at a friend's house. Finding the friend not at home, the two proceeded to Lyon's.

Although Turner drove his father's car on these ventures, he was unfamiliar with the area and drove the route directed by Sorrell. As they were travelling on Old State Road 15 on their way to Lyon's, Turner, driving at least 75 miles an hour, lost control of his vehicle and collided head-on with a car driven by Laryus Benson. Mr. Benson was killed in the accident. Sorrell knew Turner was exceeding the speed limit, but did not say anything to Turner.

By way of an amended complaint, Benson seeks to impose liability on Sorrell stating that Sorrell exercised active control over the vehicle driven by Turner by giving Turner directions.

### DISCUSSION

When reviewing a summary judgment motion, this court stands in the shoes of the trial court. *Department of Rev. v. Caylor–Nickel Clinic* (1992), Ind., 587 N.E.2d 1311. Summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C); *Associates Corp. of North America v. Smithley* (1993), Ind.App., 621 N.E.2d 1116, 1119. Here, the underlying facts are undisputed; therefore, the question is whether Sorrell is entitled to judgment as a matter of law.

"A passenger, having no control over the management of a vehicle, cannot have the driver's negligence imputed to him or her." *Handrow v. Cox* (1991), Ind., 575 N.E.2d 611, 614 (citing *Keeshin Motor Express Co. v. Glassman* (1942), 219 Ind. 538, 38 N.E.2d 847); *Lindley v. Sink* (1940), 218 Ind. 1, 30 N.E.2d 456; *Swanson v. Slagal* (1937), 212 Ind. 394, 8 N.E.2d 993. In Indiana, however, the negligence of the driver has been imputed to the passenger if the driver and passenger are found to be in an agent/principal relationship. *Burks v. Walters* (1957), 127

Ind.App. 358, 141 N.E.2d 872; *Jones v. Kasper* (1941), 109 Ind.App. 465, 33 N.E.2d 816.

Benson argues that Turner's liability may be imputed to Sorrell because Sorrell exercised actual control over the operation of Turner's vehicle. She argues that it is not necessary to show a joint pecuniary interest between Turner and Sorrell before liability may be imposed on Sorrell. Rather, she seeks to have liability imputed to Sorrell based on an agency theory. She cites *Burks*, 127 Ind.App. 358, 141 N.E.2d 872 and *Jones*, 109 Ind.App. 465, 33 N.E.2d 816, in support. In *Burks*, 127 Ind.App. 358, 141 N.E.2d 872, this court approved the following jury instruction:

> I instruct you that if you find from a fair preponderance of the evidence that the plaintiff's husband was driving the car owned by the plaintiff for her and at her request and that she controlled his operation of the car or had the right to control it, then he was her agent in such operation and his negligence, if any you find, was her negligence.

*Id.* at 366, 141 N.E.2d at 876. Similarly, in *Jones*, 109 Ind.App. 465, 33 N.E.2d 816, the court held that the driver's negligence was properly imputed to the two passengers in the car where all three had participated in the misappropriation of the vehicle. According to the court, all three were joint tortfeasors in the taking of the car and had an equal voice in the control and operation of the car.[1] Therefore, a "cross-agency" relationship existed between the driver and the passengers and all were responsible for the driver's negligence.

Benson argues that the right to control, and hence the agency relationship between Turner and Sorrell, arises here from the fact that Sorrell gave Turner directions and Turner followed those directions. Thus, the issue is whether giving directions to the driver is sufficient evidence on which to base an agency relationship and thereby impute the driver's negligence to the passenger. This question has not been addressed directly in Indiana; however, in *Leuck v. Goetz* (1972), 151 Ind.App. 528, 280 N.E.2d 847, the question was addressed in dicta. The *Leuck* court held that the admission of certain evidence amounted to reversible error and remanded for a new trial. The court did, however, address the plaintiff-appellant's argument that the jury should not have been instructed on joint enterprise as the issue could arise at retrial. The court found that the evidence did not support the instruction:

> In the case before us, we cannot by implication find that Mr. and Mrs. Leuck had an equal voice in the management of the automobile, albeit that Mrs. Leuck had the right to give her husband directions and, to be sure, could well have had a duty to warn if and only if she knew of an impending danger and the husband-driver was unaware of its presence.

*Id.* 280 N.E.2d at 855.

Other jurisdictions have directly addressed the issue of whether the negligence of a driver may be imputed to a passenger who directs the route driven. For example, the court in *Churchill v. Briggs* (1938), 225 Iowa 1187, 282 N.W. 280, held that evidence that the plaintiff-passenger directed the defendant-driver's route was not sufficient to support the giving of a jury instruction on joint enterprise. The court stated its rationale quite succinctly:

> "It is self-evident that the negligence of the driver is not imputable to the passenger merely because the passenger gives the direction as to the course over which the conveyance is to be driven. If it were,

---

1. In an apparent attempt to analogize the facts of this case to those presented in *Jones*, Benson points out that "Turner and Sorrell were using the car of Turner's parents to do something that had not been authorized by the owners of the car—to smoke their cigarettes. Both Turner and Sorrell had cigarettes, both were under the age of 18, and they were both going to Lyon's Speed Shop to smoke their cigarettes because Sorrell thought they could smoke there without their parents finding out." Appellant's brief, p. 18. There is nothing in the evidentiary material designated to the trial court and to this court that would support an assertion that Turner did not have permission to take the car to go smoke a cigarette. Further, the critical factor in finding an agency relationship in *Jones* was that all defendants were in joint possession of the car based on their participation in the misappropriation of the vehicle. Here, it is undisputed that Turner had permission to use his father's car.

the passenger who engages the driver of a taxi and tells him to take him to a stated destination over a stated route can recover nothing if the joint result of negligence on the part of the driver and of a third person injures the passenger, and because of such a direction the passenger would be liable if his driver through negligence injured a third person. This cannot be so."

*Id.* at 1190, 282 N.W. at 282 (quoting *Cram v. City of Des Moines* (1919), 185 Iowa 1292, 172 N.W. 23).

The issue was also addressed by the Alabama Supreme Court in *Shannon v. Hollingsworth* (1973), 291 Ala. 159, 279 So.2d 428, a case with facts similar to those presented here. Shannon, a passenger in an automobile driven by Jones, directed Jones to the Operto Amory, where the two were going to a dance. On the way to the Amory, Jones' car collided with a car driven by Hollingsworth. Shannon sued Hollingsworth for his injuries. After a jury verdict in favor of Hollingsworth, Shannon appealed, arguing the trial court erred in instructing the jury that it should impute Jones' contributory negligence, if any, to Shannon if it found that Shannon either directed Jones in the manner in which he operated the automobile, or that he had the right to direct control of the automobile and the manner in which Jones drove. Shannon argued that this instruction was not supported by the evidence. The supreme court agreed, finding that although there was evidence that Shannon did have a voice as to the route Jones followed there was

no evidence from which the jury would have found that [Shannon] had any control over the speed at which the automobile was traveling, the yielding or failure to yield the right of way at intersections, or any other of the elements which contribute to the manner in which the automobile proceeded along the route [Shannon] selected.

*Id.* at 163, 279 So.2d at 432. *See also Yokom v. Rodriguez* (1949), Fla., 41 So.2d 446 (fact that both driver and passenger may have had common plans when embarking on a trip and the fact that the passenger indicated the route to be taken did not amount to a joint enterprise between the passenger and the driver); *Bryant v. Pacific Electric R.R. Co.* (1917), 174 Cal. 737, 164 P. 385 (not sufficient to show that the passenger indicated to the driver the route to drive, or the places to go to establish joint enterprise; the circumstances must be such that the occupant and the driver together had such control and direction over the automobile as to be practically in the joint or common possession of it).

We agree with the rationale of the above-cited cases. Merely giving a driver directions does not amount to control over the vehicle equal to that the driver exercises. Here, although Sorrell directed the route taken by Turner, he had no control over the way in which Turner proceeded along that route. It is the manner in which Turner drove the car—and not the route he took—that caused the accident. We therefore agree with the trial court that summary judgment in favor of Sorrell is appropriate.

AFFIRMED.

RUCKER and HOFFMAN, JJ., concur.

